8b 594
94 567

CASE 32—PETITION ORDINARY—MARCH 5.

## Butler, &c. v. Cheatham.

APPEAL FROM ADAIR CIRCUIT COURT.

1. THERE MUST BE AN ACTUAL SEIZIN, OR A RIGHT TO AN ACTUAL SEIZIN, by the husband during coverture to entitle his widow to dower.

2. The true and substantial test of the right of dower is that the issue of the wife by the marriage might inherit the estate from the husband as his heir or heirs. But still there must be an actual seizin, or a right to an actual seizin, by the husband during coverture to entitle his widow to dower.

   In this case the testator devised land to his son, subject to a life-estate in his mother. The son's estate in the land was disposed of during his coverture. The son died, leaving a widow and his mother also surviving him. As the son had no right to an actual seizin during his coverture during the life of his mother, his widow was not entitled to dower in the land.

WINFREY & WINFREY, . . . . . . . For Appellants,

CITED

8 B. Monroe, 204, Arnold's heirs, &c. v. Arnold's adm'r.
12 B. Monroe, 76.
4 Kent's Commentaries (3d edition), pages 37, 38, 39.

RUSSELL & AVRITT, . . . . . . . . . For Appellee,

CITED

12 B. Monroe, 65, Northcut v. Whipps.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The first clause of the last will and testament of Edward Cheatham is in these words: "I give and bequeath to my youngest son, William Cheatham, the farm on which I now live, containing about one hundred and eighty-eight acres; . . . . . . . . . but the above-named property my wife, Elizabeth Cheatham, is to hold and enjoy her life-time." William died before his mother, leaving a widow, Fannie Cheatham, the present appellee.

After the mother's death these appellants, who had during the life of William become invested with such title to the land devised to him as he took under his father's will, brought an action in ejectment against his widow to recover the possession of such land. · She resisted a recovery upon the ground that she was entitled to dower, and could not be dispossessed until it had first been allotted to her. The case was submitted to the circuit judge without the intervention of a jury, and upon consideration he dismissed the petition of the appellants.

Section 3, article 4, chapter 47, Revised Statutes, provides that "after the death of the husband the wife shall be endowed for her life of one third of the real estate whereof he, or any one for his use, was seized of an estate in fee-simple at any time during the coverture, unless her right to such dower shall have been barred, forfeited, or relinquished."

It does not appear that William Cheatham was at any time seized of the lands devised to him by his father. His mother was entitled to a life-estate in such lands, and as she survived him, his right to the possession did not accrue during the coverture.

By the common law the wife was not entitled to dower unless the estate held by the husband was one of inheritance, an entire estate, and one of which he might have corporal seizin, or a right to such seizin during coverture. (1 Washburn's Real Property, side-page 154.) The Virginia statute

of 1705 (Morehead & Brown's Statute Laws, 572), which was continued in force in this state, was but declaratory of this common law rule; and in our opinion the section of the Revised Statutes heretofore quoted does not change such rule in so far as it requires an actual seizin, or the right to an actual seizin, of lands by the husband during the coverture to entitle the widow to dower. It follows therefore that the appellee is not entitled to be endowed out of the lands devised to her husband by his father, Edward Cheatham.

This case is very similar to that of Arnold's heirs v. Arnold's executors (8 B. Monroe, 202), in which it was held that inasmuch as the husband took under his father's will an estate in fee, in remainder after the termination of his mother's life-estate, and died before its termination, he was not so seized or possessed of the lands in his own right as to entitle his widow to dower. This doctrine was reaffirmed in the case of Northcut v. Whipps (12 B. Monroe, 65).

We do not concur with the learned circuit judge in the conclusion drawn by him from the opinion in the last-named case. While it was therein correctly held "that the true and substantial test of the right of dower is that the issue of the wife by the marriage might inherit the estate from the husband as his heir or heirs," the rule that there must be an actual seizin, or the right to an actual seizin, by the husband of lands during the coverture to entitle the wife to dower was distinctly recognized and enforced. (*Ibid.* 66, 67.)

The judgment dismissing appellants' petition is reversed, and the cause remanded for a new trial upon principles not inconsistent with this opinion.