*W. O. & J. L. Dodd, for appellee.*

---

### Leander Martin v. Lucy M. Wurts.

[Abstract Kentucky Law Reporter, Vol. 1—406.]

**Dower.**

> Where a married woman relinquishes her dower upon condition that a judicial sale be set aside, and the land be sold over again, and such sale is not set aside, the relinquishment will not prevent her from asserting her right of dower in such land.

**Estoppel of Married Woman.**

> While a married woman may estop herself from asserting a claim of dower, the doctrine should not be carried too far or interposed unless the proof establishes that her conduct has misled bona fide purchasers, and has induced them to part with their money in a manner they would not have otherwise done. A representation by the court's commissioner or other persons that a married woman has relinquished her dower cannot be attributed to a married woman as a fraud which will bar her claim of dower.

APPEAL FROM GREENUP CIRCUIT COURT.

November 11, 1880.

Opinion by Judge Hargis:

Before the appellee filed her petition to be made a party in the case of Wm. M. Patton v. William Wurts and others, and before she was examined by the special commissioner, Mitchell, the land in which she claims dower in this action was sold to Board. That sale was not set aside, but confirmed, and the land was subsequently sold to pay the purchase-price which Board agreed to pay for it, and the appellant, Martin, became the purchaser.

Her relinquishment of dower was expressly confined to the land which had been sold under the decree and bought by Patton. The commissioner certifies that he read and explained to her the contents

and effect of her petition, that it would be a relinquishment of her potential right of dower in the lands sold to Patton upon the sale to Patton being set aside, and for that purpose she acknowledged that she freely signed said petition.

The order of June 24, 1870, setting aside the sale, states that her petition was filed and relinquishment of potential right of dower made upon the condition that the sale should be set aside, and expresses the opinion that the land should sell for a larger advance. The reason, therefore, that prompted her in making the relinquishment and controlled the court in setting aside the sale was that the land sold subject to her right, if resold freed from it, would bring a greater sum. This condition upon which she made the relinquishment was complied with as to the Patton land, but a resale of the land purchased by Board was not ordered in fulfilment of the condition upon which she agreed to relinquish, but to compel Board to pay the purchase-price stipulated by him for the land purchased from the court's commissioner under its decree before she filed her petition. It is clear that the sale of the land to pay the sum Board agreed to pay for it could not be for more than that sum which the land had brought subject to her dower, and if the land brought more than he had agreed to pay for it; or if a smaller quantity than the whole produced the sum sufficient to discharge his bonds, he was entitled to the excess. In no event could that sale have benefited the creditors or increased the price which the land had brought subject to her potential right of dower, as was the evident intention of Mrs. Wurts, who labored under the belief, as shown by her petition, that a resale of the lands, free from her claim, would produce a sum sufficient to pay the debts of her husband, as in that event she asked for an equitable allowance in lieu of her dower out of the surplus.

While the doctrine of estoppel in pais is recognized as applicable to the acts of a married woman relative to her dower, it should not be carried too far or interposed unless the proof establishes her unconscionable conduct, such as misleads bona fide purchasers and induces or causes them to part with their money, or materially alter their condition, in a manner they would not have otherwise done, for the purpose of the statute pointing out the mode in which her relinquishment shall be made is to protect her from undue influence or dictation, restrained or ignorant surrender of her right of dower.

We see no proof of bad faith on the part of the appellee, or of the slightest semblance of an intention to relinquish or waive her

right in the lands which were sold to Board. If the court's commissioner or anyone else, save Mrs. Wurts, represented that she had relinquished her dower in that tract and thereby misled the appellant, their conduct cannot be attributed to her as a fraud which will bar her claim. If appellant has been injured that injury cannot be repaired out of appellee's property.

Wherefore the judgment is *affirmed*.

*E. F. Dulin, for appellant.*

*E. C. Phister, G. T. Halbert, for appellee.*