JOHN W. HALL *v.* S. R. CAMPBELL, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—246.]

**Dower in Lands.**

There can not be dower in lands of which the husband during coverture was not actually seized or had not the right to an actual seizure.

**Breach of Warranty.**

If a warranty be broken and the vendor insolvent, the vendee may set-off the damages resulting from such breach against the unpaid purchase-money.

**Assignment of Note by Married Woman.**

> A woman who marries after a note is executed to her has no power or right to assign it unless her husband gives her authority to do so or assents to her doing so, but he may thereafter ratify such assignment and in that case the title of the assignee is good.

APPEAL FROM FLEMING CIRCUIT COURT.

September 29, 1883.

OPINION BY JUDGE HARGIS:

Annie E. Young, while a feme sole, sold and conveyed to Stephen R. Campbell a tract of land for which he deeded to her a house and lot and executed three promissory notes to her for the remainder of the purchase-money. She assigned the last of the notes, being for $333.33⅓, to the appellant, Hall, who instituted suit on it to recover its amount and enforce the lien for its payment, which was reserved in the deed made to Campbell. He resisted a judgment on the grounds that Annie E. Young only had a defeasible fee in the land, it being purchased with money derived from the sale of another tract of land devised to her by her father, with the condition that if she died without issue the land was to go to her brothers and sisters, and because she was a married woman when she assigned the note sued for to the appellant.

It appears from the record that Z. T. Young, who is her brother, and his wife signed the deed to Campbell but did not acknowledge it in due form. Z. T. Young, however, was made a party and, confessing the pleadings, was ordered to convey his interest. It is contended that Mrs. Z. T. Young has such an interest in the land as to render the title defective without her acknowledgment. To this we can not agree. According to the well established doctrine of this court there can not be dower in lands of which the husband during coverture was not actually seized or had not the right to an actual seizure. *Butler v. Cheatham*, 8 Bush (Ky.) 594, and cases therein cited.

Z. T. Young could not, lawfully, be actually seized nor have the right of actual seizin during the life of Annie E. Young or in the event of her having issue, even if he had not conveyed his interest, but having signed the deed and confessing. it to be his duty to convey, which the court has properly adjudged him to do, all pos-

sibility of either actual seizin or the right to actual seizin during his life is destroyed, and his wife therefore has no dower or contingent or potential right of dower, and her failure to acknowledge the conveyance to Campbell presents no objection to the title. *Fitzhugh v. Croghan,* 2 J. J. Marsh. (Ky.) 429, 19 Am. Dec. 139; *Western v. Short,* 12 B. Mon. (Ky.) 153.

Subsequent to the institution of appellant's suit, Campbell bought and paid $50 for the interest of the children of Mrs. Williams, who was a sister of Annie E. Young, and accepted their conveyance therefor. This act upon his part perfected an otherwise incomplete title. So all danger of a breach of the general warranty of Annie E. Young is forever removed. The only question of seeming hardship arises upon this fact: Shall Campbell perfect the title during the suit and not have credit for what it cost him? The price he paid was evidently reasonable, but had he any right to pay it and thus abandon his remedy for any breach of her warranty which might occur from the assertion of the right of Mrs. Williams' children upon the death of Annie E. Young without issue? He had accepted from Annie E. Young a general warranty deed and failed to allege or prove that she was insolvent, or that any fraud or misrepresentation had· been practiced by her upon him, in the sale or conveyance to him. In this state of case he is not entitled to a rescission. *Trumbo v. Lockridge,* 4 Bush (Ky.) 415. Nor is he entitled to set off the amount he paid the Williams children against the unpaid purchase-money, because it appears that Annie E. Young is still living and she may not die without issue, and until that event there can be no breach of her warranty.

The rule is that if the warranty be broken and the vendor insolvent, the vendee may set off the damages resulting from such breach against the unpaid purchase-money. This record failing to show either a breach of warranty·and insolvency or fraud in procuring Campbell to accept the conveyance, he is possessed of ample remedy relative to the warranty which he relied on and accepted and which he must look to in the absence of the exceptional states of case which would give him additional or anticipative remedy. *Simpson v. Hawkins,* 1 Dana (Ky.) 303; *Booker v. Meriwether,* 4 Litt. (Ky.) 212; *Fitzhugh v. Croghan,* 2 J. J. Marsh. (Ky.) 429, 19 Am. Dec. 139.

According to the cases of *Tobin's Gdn., v. Dixon,* 2 Metc. (Ky.)

422, and *Harris v. Culver,* 9 B. Mon. (Ky.) 365, Annie E. Young, who had married after the note was executed to her and before its assignment, had no power or right to assign the note unless her husband gave her authority to do so or assented to it.  On June 29, 1877, which was after the assignment, Campbell paid to her and her husband, John L. Martin, the sum of $133.33⅓ and took their receipt therefore.  This receipt recites the fact that the sum named in it "was due to my wife, Annie E. Martin, and myself on a land note we assigned to Mr. J. W. Hall," and further directs Hall to credit the note with that sum, from the payment of which they release him.

This receipt is a ratification by the husband of the assignment of the note by his wife to Hall, and invests the latter with legal title to the note.  As the receipt was given and delivered to Campbell before the suit was instituted he was thereby in possession of notice of the assignment and the ratification by her husband, and can not rely upon the initial defective assignment by the wife to defeat the action.  It will not be presumed, in the absence of proof, that Campbell had notice of the assent or ratification by the husband until the delivery of the receipt to him, and as that must, according to the usual mode, have been done after he paid the $133.33⅓ he is entitled to credit therefor on the ground that he had no notice of a legal or binding assignment to Hall before the sum was paid to Martin's wife.

The order of the court dismissing appellant's suit for want of preparation is erroneous, because the record shows he is entitled to a judgment according to the principles of this opinion.  Wherefore the judgment is *reversed* and cause remanded for further proper proceedings.

*Davis & Cord, for appellant.*