AMANDA EUBANK v. JOHN EUBANK.

[Abstract Kentucky Law Reporter, Vol. 7—291, 294, 295.]

**Homestead Act.**

So much of the homestead act as limited its benefit to white persons only is invalid.

**Homestead Right of Widow.**

Where a husband before marrying a second time gave to his son a part of the lot on which he lived, measured it off and agreed to

43

convey it to him, the son built a house upon it and the father died without making such conveyance, the widow is not entitled to any homestead right in it, she and her husband not living upon it at the time of his death.

### Widow's Right to Dower.

Where a husband gives to his son by parol certain real estate, but dies without having conveyed it to him, if the facts are such that the husband had a right to seizin, then upon his death his widow is entitled to dower in it.

## APPEAL FROM CLARK CIRCUIT COURT.

### October 15, 1885.

OPINION BY JUDGE HOLT:

Washington Eubank, before his marriage to the appellant, Amanda Eubank, in part gave and in part sold by parol to his son by a former marriage, the appellee, John Eubank, a small portion of a town lot and put him in possession of it. The latter improved it by building a small house upon it and otherwise, the father promising frequently to convey it to him, but never did so.

About two years after this parol gift for love and affection, and parol sale for a small sum of money owing to the son by the father, the latter married the appellant, and at his death they were housekeepers living upon the portion of the lot which the father had not let his son have, while the latter was with his family living upon the portion claimed by him, and in the house which he had built. This action was brought by the widow of the father for dower and homestead in the entire property. The heirs as well as the administrator of the decedent were made parties; and one of them, Washington Brookin, asserted a debt against the decedent of $45, because of which he claimed the widow was not entitled to a homestead in the portion of the lot not claimed by John Eubank, because the debt was created before 1872, when the homestead act was made applicable to the colored people, but after February 10, 1866, when the original act was passed, and which was made applicable only to white persons.

None of the heirs set up any claim to the portion of the lot claimed by John, nor did Brookin seek to enforce his debt against it. The lower court decided that the widow was not entitled to

either dower or homestead in it, but was entitled to the remainder of the lot as a homestead, subject, however, to the above named $45 claim. As to it, however, merely a judgment was rendered against the administrator with the expression of opinion that it was superior to the widow's claim to a homestead.

This was not a final judgment. It did not deprive the widow of the possession of the lot or provide for doing so. It is true that its final character is not to be tested by whether an execution or other process could issue upon it; but unless this is provided, or it may take effect by its own force, it is not final, although it may decide some question looking to final relief. *Smith v. Wilson,* 4 Ky. L. 719, 11 Ky. Opin. 946. As it may prevent further litigation, however, it is proper to say that in our opinion so much of the original homestead act as limited its benefit to white persons was invalid. The law was passed in the interest of the poor and helpless, and no discrimination could lawfully be made by reason of color, and so much of it as excluded colored persons from its benefits was void. It follows that the Brookin debt was not superior to the appellant's claim to her homestead.

It appears that at the death of her husband they were not living upon the homestead of which the land claimed by the appellee, John Eubank, was a part, because it is shown that, when the latter got possession of it, it was measured off to him by the deceased, and that the son lived upon and claimed it after that time. She therefore had no homestead right in it; but it is otherwise as to dower. It is the rule where the husband prior to his marriage sells or in good faith makes a gift of land by parol, and after his marriage confirms it by a conveyance, that the widow is not entitled to dower. Equity under such circumstances forbids any interference by her; and in such a case the title upon the husband's death will not vest in his heirs. But when the sale or gift is by parol, the issue of the wife by him may inherit the estate, and this is the test as to whether she is entitled to dower. *Butler v. Cheatham,* 8 Bush (Ky.) 594. It was voluntary with the husband whether he would execute the contract, and the chancellor would not have enforced it against his will, for if the heirs may elect to rescind it then the right to dower exists; and in our opinion the widow is vested with such a right. In so far as her right is concerned she may make the election.

If there is either an actual seizin or a right to it by the husband, then upon his death his widow is entitled to dower. The evidence shows that John Eubank has not been in possession long enough to give him a possessory title, even admitting that his holding was not amicable. It also clearly appears that the entire property is not worth over $1,000; and it follows from what has been said that the appellant is entitled to dower in the portion of the lot held by John Eubank, to be estimated according to its value when he got possession of it, and excluding in the estimate the value of his permanent improvements, and that she is entitled to the remainder of the lot as a homestead.

Judgment reversed and remanded for further proceedings consistent with this opinion.

Judgment *reversed.*

*John & J. W. Rodman, for appellant.*

*L. H. Jones, for appellee.*

[Cited, *McClure's Admr. v. Anchor Rolling Mill's Assignee,* 30 Ky. L. 509, 99 S. W. 221.]