## Ferguson v. Ferguson, et al.

(Decided May 15, 1913).

## Appeal from Pike Circuit Court.

1. Dower—Under Sec. 2132 of the Kentucky Statutes, providing that a surviving wife shall have an estate for life in one-third of the real estate of which her husband, or any one for his use, was seized of an estate in fee simple during the coverture, unless the right has been barred, it is not essential to entitle the widow to dower that her husband should have been in the actual possession of the land at the time of his death or indeed at any time.

The test of the widow's right to dower is, was the husband seized of an estate in fee simple during coverture and did he have the right of possession? If so, although he may never have been in the actual possession, the widow is entitled to dower.

2.  Dower—Forfeiture by Adultery.—Under Sec. 2133 of the Kentucky Statutes, providing that if the widow voluntarily leave her husband and live in adultery, she shall forfeit her right to dower, it is not essential to defeat the widow's right to dower that she should voluntarily leave her husband and live in adultery, as she may forfeit her right by adulterous conduct while living with her husband.

GEORGE PINSON, STATTEN & PINSON for appellant.

J. S. CLINE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee, Florence McCoy, before her marriage to C. F. McCoy, was the widow of C. V. Ferguson, who died in 1907, leaving surviving him as his only heirs at law his widow, now appellee, and one infant son. This suit was brought by the appellee for the purpose of having dower assigned her as the widow of C. V. Ferguson in a tract of land described in the petition.

To this suit the appellant, J. M. Ferguson, father of C. V. Ferguson, became a party and in his petition and amended petition he averred that the land in which appellee sought to have dower assigned was conveyed to him by his father for life, with remainder to his children, and that as C. V. Ferguson only had a remainder interest in the land at the time of his death, his widow was not entitled to dower. He further averred that C. V. Ferguson had never been in possession of any part of the land in which dower was asserted. In an amended petition he set up that appellee, by her adulterous acts and conduct while she was the wife of C. V. Ferguson, forfeited her right to dower.

The appellee, by appropriate pleading, controverted the affirmative matter in the petition and amended petition filed by appellant, and, after the evidence had been taken, the case was submitted and a judgment entered giving appellee the relief sought.

In respect to the defense made by appellant that C. V. Ferguson only had a remainder interest in the land and had never been in possession, it appears to be admitted on the record that sometime previous to the death of C. V. Ferguson, the appellant, in a suit brought by

him to have the land conveyed to him by his father divided, waived and relinquished in binding form, and for sufficient reason, his life interest in a part of this land, and by consent and agreement of all parties there was allotted to C. V. Ferguson free from the life estate of his father the land in which appellee asserted her right to dower; so that this feature of the case need not be further noticed.

The next contention of counsel for appellant is that appellee is not entitled to dower because her husband was never in the actual possession of the land of which he died the owner in fee. Section 2132 of the Kentucky Statutes provides in part that, ''After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinquished.'' Under this statute it is not essential to entitle the widow to dower that her husband should have been in the actual possession of the land owned by him in fee at the time of his death or indeed at any time. The test of the widow's right to dower is, was the husband siezed of an estate in fee simple during coverture, and did he have the right of possession? If so, although he may never have been in the actual possession the widow is entitled to dower. Butler v. Cheatham, 8 Bush, 594; Rice v. Rice, 133 Ky., 406.

The remaining question relates to the charge of adultery. Section 2133 of the Kentucky Statutes provides that, ''If the wife voluntarily leave her husband and live in adultery, or if the husband voluntarily leave his wife and live in adultery, the party so offending shall forfeit all right and interest in and to the property and estate of the other, unless they afterward become reconciled and live together as husband and wife.'' This statute was construed in McQuinn v. McQuinn, 110 Ky., 321, and it was there held not to be essential to defeat the widow's right to dower that she should voluntarily leave her husband and live in adultery, but that she might by her adulterous conduct while living with her husband, forfeit her right to dower. With this construction of the statute before us, we must look to the evidence to ascertain whether or not there is sufficient to justify us

in holding that the appellee was guilty of adultery in the meaning of the statute.

It is not contended that she at any time abandoned her husband or his home and lived in adultery but that while living with him she was guilty of adultery. A number of witnesses were introduced who testified to the good reputation of appellee for chastity and virtue, and it is shown without contradiction by the evidence that she lived with her husband from the date of their marriage until his death. One witness, however, testified that he had illicit relations with appellee on one occasion about a year before her husband died, and one or two other witnesses relate circumstances tending to show that on a few occasions appellee was guilty of some indiscretions that did not, however, go to the extent of proving her to be unchaste, and it may safely be said that with the exception of the evidence of this one witness, there is no testimony in the record that would bring appellee within the condemnation of the statute. The single witness upon whose evidence the case for appellant must rest, aside from being described by some of those who knew him as a "boot-legger, dead-beat and tramp," tells a very improbable story of his relations with appellee and we are not disposed to give much credence to his evidence.

In Bond v. Bond, 150 Ky., 389, we had before us a case in many respects like this, and as pertinent to this case, we conclude the opinion with the following quotation from that case:

"The rule is, that while the testimony of the alleged paramour may be considered in determining the fact of adultery, it is liable to grave suspicion, and should be acted upon with extreme caution. 14 Cyc., 697.

"In passing on a state of facts similar to the one before us, we used this language in Evans v. Evans, 93 Ky., 516: 'The only evidence in this respect which we regard as worthy of any consideration is that of one witness, who testifies, in substance, that the wife offended with him. So far as this record shows, he was an entirely willing witness. He does not appear to have been attached and made to testify. It is not even shown that he was subpoenaed as a witness. He was entirely willing to not only destroy the wife, affix a stain to her children and family, but also to testify to conduct degrading to and highly blamable in himself. Such evidence is justly subject to suspicion. It comes in doubtful form.

The lower court doubtless knew the parties, and he disregarded it. Under the circumstances, his conclusion upon this question of fact ought not to be disturbed.' "

So in the case at bar. The question at issue is one purely of fact. The chancellor knew the parties, the witnesses, and their standing in the community; and under the circumstances, we do not feel inclined to disturb his finding.

The judgment is affirmed.