## Carr v. Hart et al.

(Decided December 6, 1929.)

CHARLES L. DALY for appellant.

WORTHINGTON, BROWNING & REED for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming in part and reversing in part.

R. A. Carr, Sr., died intestate, a resident of Mason county in 1916, leaving surviving him as his sole heirs and distributees his widow, Amelia A. Carr, and his three adult children, Richard A. Carr, Jr., Andrew C. Carr, and Mrs. Pattie C. Hart, whose husband is Howard B. Hart. The decedent owned several tracts and parcels of real estate in Mason county, and also considerable personal property. Within two weeks after the death of Richard A. Carr, Sr., his three children, and the spouses of those who were married (Richard A. Carr, Jr., being unmarried), joined in a deed of conveyance to the widow of the deceased, whereby they conveyed to her for and during her life all of the property which her husband owned at the time of his death, and which dispensed both with the allotment of dower to the vendee

in that deed, and also the distributing to her of her statutory portion of her husband's personal property.

In 1919 Andrew C. Carr, who with his wife joined in the execution of the above-mentioned deed, died intestate a resident of Mason county, and his surviving widow, the appellant, Sallie M. Carr, gave birth to a posthumous child about two months after his death, and who is referred to in this record as Andrew C. Carr, Jr. He lived to be about eight years of age, when he died, leaving surviving him all of the above-mentioned parties. Mrs. Amelia A. Carr died intestate a resident of the same county in 1926, and, after her death, this action was filed in the Mason circuit court by the appellees and plaintiffs below, Pattie C. Hart and her husband, and Richard A. Carr, Jr., against the appellant and defendant, Sallie M. Carr, and some creditors of some of the heirs of Richard A. Carr, Sr. (but against no creditor of his), to sell for partition the real estate owned by Richard A. Carr, Sr., at the time of his death, and which plaintiffs claim they jointly owned free from any dower right of defendant Sallie M. Carr in any portion thereof.

Her answer denied that portion of the petition claiming that she had no dowable interest in any part of the land sought to be sold, and she further averred that she inherited from her deceased child (Andrew C. Carr, Jr.) the one-third of the real estate sought to be sold for partition that he inherited from his father. She also sought counter relief growing out of transactions between her husband, and others interested in the Carr estate, that arose after the death of Richard A. Carr, Sr., and which were clearly disconnected from, and not in any manner growing out of, the rights of the parties to the partition sought by the petition. The court struck from her answer such latter attempted counter relief of which complaint is made on this appeal, but which, for the reasons stated, we think is entirely without merit, and will not be further discussed in this opinion. The court sustained a demurrer to that part of the answer wherein defendant claimed title to one-third of the real estate as heir to her deceased infant son, and also to her claim of dower right in any of the described real estate, and (she declining to plead further) judgment was rendered in accordance with the prayer of the petition, to reverse which she prosecutes this appeal.

We have already indicated our views on the ruling of the court in striking from appellant's answer the

counter relief that she sought growing out of transactions arising subsequent to the death of Richard A. Carr, Sr., and from which it follows that such portion of the judgment will be affirmed, but, of course, without prejudice to future litigation with reference to such matters.

Appellant by her counsel strenuously insists, by a process of reasoning which we must admit we are unable to comprehend, that the provisions of section 1401 of our present statutes do not govern the devolution of the title of the infant, Andrew C. Carr, Jr., in and to one-third of the real estate inherited by him from his father, so as to transmit it as therein directed; but, on the contrary, counsel insists that the devolution of title to that one-third interest is governed by other sections of the statute and by certain trust doctrines that he says are applicable to the facts of this case. Without analyzing or discussing that argument, we deem it sufficient to say that the facts of this case bring it as completely under the provisions of section 1401 as is possible for us to imagine. The section says: "If an infant dies without issue, having the title to real estate derived by gift, devise or descent from one of his parents, the whole shall descend to that parent and his or her kindred as hereinbefore directed, if there is any; and if none, then in like manner to the other parent and his or her kindred; but the kindred of one shall not be so excluded by the kindred of the other parent, if the latter is more remote than the grandfather, grandmother, uncles and aunts of the intestate and their descendants."

Appellant's infant son left no descendants, and there were no persons on his paternal side nearer than grandparents, only one of whom survived him, and who was Amelia A. Carr, his paternal grandmother, and, under the plainly expressed provisions of that statute, she inherited from her infant grandson his one-third interest in the real estate here involved, and it, in turn descended to the plaintiffs as the sole surviving heirs of the grandmother. Each of the two plaintiffs inherited from their father one-third of the latter's real estate, subject to the dower rights of their mother, and the husband of appellant inherited the other one-third, and, when plaintiffs inherited the latter one-third interest from their mother, as indicated, they became the sole owners of the land, subject to the dower right of the appellant in and to the one-third interest of her husband,

if she is entitled to any, and which is the only remaining question in the case.

It was and still is insisted by learned counsel for plaintiffs that appellant, as the widow of their brother Andrew, released her right of dower in and to the inherited interest of her husband by joining in the deed to their mother, whereby the latter was conveyed a life interest in all of the land for and during her life, and which view, as we gather from the record, was accepted by the trial court, resulting in the judgment denying appellant any dowable interest in and to that one-third, or its proceeds (the land having been sold by agreement), but which we conclude, for the reasons stated below, was and is error.

Section 2132 of our present statutes reads: "After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinquished; and the survivor shall have an absolute estate in one-half of the surplus personalty left by such decedent."

Section 2134 of the same statutes says: "If the husband, during the coverture, was seized in law of the fee simple of any real estate, then the wife, if she survives him, may have dower therein, although the husband may not have had actual possession thereof." That section dispenses with the common law requisite of *actual* possession by the husband in order to create *seizure* by him so as to entitle his wife to inchoate right of dower, and gives to her that right if the husband during the coverture became the owner of the fee-simple title to the land with the right of possession, although he did not assert that right or obtain actual possession before his death.

During the period between the death of Richard A. Carr, Sr., and the conveyance by his heirs to his widow of a life interest in his real estate, Andrew C. Carr, Sr., as one of the three heirs of Richard A. Carr, Sr., was beneficially seized of a one-third undivided interest in the real estate left by his father, and had the *right* to the possession of all that one-third, except the one-third of it that would be included in the dower to which his mother was entitled after assignment to her. He was therefore seized and entitled to the possession of two-

thirds of the one-third that he inherited from his father, the other one-third portion of his inheritance being incumbered by the then consummate dower right of his mother, which would become perfected when her dower was assigned, and which would relate back to the time of the death of her husband. To the extent, therefore, of a one-third interest in the one-third that Andrew C. Carr, Sr., inherited from his father, he never had the *right* of possession in that one-ninth so as to bring it within the provisions of section 2134, supra, of our statutes so as to entitle his widow to inchoate dower therein, and which in effect, was so held by this court in the case of Carter v. McDaniel, 94 Ky. 564, 23 S. W. 507, 15 Ky. Law Rep. 349.

This is not a case where the only interest that the heir inherited from his ancestor was a remainder or a reversionary interest, as is contended by counsel for plaintiffs, and which, if true, would bar the widow of the heir of the right to dower in such remainder interest upon the death of her husband during the continuance of the particular preceding estate. No one disputes the proposition that the widow under such circumstances would not be entitled to dower in her deceased husband's remainder interest because of the essential requisite fact that her husband, though vested with title to a remainder interest, was neither in the possession of it at the time of his death, nor did he at any time before then have the right to such possession. See sections 2132 and 2134, supra, of our statutes and Butler v. Cheatham, 8 Bush 594; the McDaniel case, supra; Arnold v. Arnold, 8 B. Mon. 202; Ochs v. Kramer, 107 S. W. 260, 32 Ky. Law Rep. 762; Ferguson v. Ferguson, 153 Ky. 742, 156 S. W. 413, and annotations to the case of Heldhauser v. Schulz, 93 N. J. Eq. 449, 116 A. 791, 21 A. L. R. 1070, the annotations beginning on page 1073, the opening paragraph of which says: ''To entitle a widow to dower at common law, or under a statute declaratory of the common law, the husband must have been seized, either in fact or in law, of an estate of inheritance in the land at some time during coverture. When, therefore, the husband had previously to his death simply a vested remainder expectant on a life estate, his widow cannot be endowed, for, as in such a case the husband never had either possession or any present right of possession, he cannot be said to have had a seisin of any sort, either actual or legal.''

Our statutes upon the subject are but declaratory of the common law, and the inserted rule, as so succintly stated and fortified by unanimous decisions cited in the annotations, has been adopted by our domestic cases, supra, and, perhaps, others not called to our attention.

We have seen, however, that the interest inherited by Andrew C. Carr from his father was not a remainder interest, nor was any portion of two-thirds of it incumbered by any preceding particular estate. He was therefore seized of two-thirds of that one-third, or a two-ninths interest in all of his father's real estate in such manner and fashion as to entitle his widow to inchoate dower, unless it was relinquished or released in such a manner and to such an extent as to destroy her right thereto; and it is insisted that the execution by her, in conjunction with her husband and the other heirs of Richard C. Carr of the deed to Amelia A. Carr, was such a release and relinquishment of her inchoate right of dower as bars her right to recover it in this action, but with which contention we are unable to agree.

It is the universal rule, so far as we have been able to find (and which conforms to both reason and logic), that a release of dower only operates to the extent of the accomplishment of the purpose for which it was executed. Accordingly, it is stated in the text of 19 C. J. 525, sec. 194: "So if the wife executes a release for a specific purpose, it will only operate to the extent required to accomplish such purpose," and one of the cases in support of that text is Martin v. Wurts, 10 Ky. Op. 854, 1 Ky. Law Rep. 406. One of the illustrations given is the execution of a lease for a term of years which would only operate in bar of dower in favor of the lessee and for only the extent of the term.

· Instances could be multiplied of cases within this jurisdiction where the release of dower in a mortgage operates only in favor of the mortgagee, and only until the mortgage debt is paid, after which the right to dower is restored unincumbered by such release, and as a part of the same cited text we insert, "the release is operative only in favor of the grantee and those claiming under him, and a stranger, or the husband or the husband's creditors or heirs cannot take the benefit of it, although there is some authority to the contrary" but which contrary authorities are confined only to that portion of the text setting forth who may take advantage of the release. There is no authority in opposition to the

principle that a release is only for the purpose and to the extent of its terms.

In this case the appellant, at a time when she possessed inchoate dower right in and to two-thirds of her husband's inherited real estate from his father, executed a release of such right to her mother-in-law, Mrs. Amelia A. Carr, for and during the latter's lifetime, and which operated to bar and release her right of dower for and during that time which was indefinite though certain to happen. When it expired by the death of the life tenant, the purpose of the release became completely executed and fully accomplished. The release was not therefore a perpetual one, and, after the death of the life tenant, there was nothing to which it could attach since by its terms it was only for an indefinite, though certain, period of time, and, when that time expired, leaving the heir's widow surviving, her inchoate right of dower reattached and became completely restored to her as though no release had ever been executed.

We therefore conclude that the court erred in not adjudging appellant entitled to the present worth according to the life tables of her dower interest in two-ninths of the real estate sought to be, and which was by agreement sold, and to that extent the judgment is reversed, but in all other respects it is affirmed.

Whole court sitting, except Judge REES.