WEAVER-DOWDY CO. v. BREWER.

Opinion delivered February 19, 1917.

1. BILLS AND NOTES—INDORSMENTS—CONTRIBUTION.—The right of contribution in the order of indorsement applies only when the contracts of the indorsers are new and subsequent to the original contract; and not when the indorsers sign with the principal, and as accommodation.

2. PRINCIPAL AND SURETY—CONTRIBUTION.—The right of contribution is an equitable one growing out of the relation of the parties, and does not depend on contract.

3. PRINCIPAL AND SURETY—CONTRIBUTION.—Where the surety on a note pays the same, he may recover from his co-sureties their pro-rata share based on their solvency, but he can not obtain a joint judgment.

Appeal from Independence Chancery Court, *G. T. Humphries*, Chancellor; reversed.

*McCaleb, Reeder & McCaleb*, and *Samuel M. Casey*, for appellants.

1. The appellee endorsed the note in blank, with the appellants, at the time it was made and for the same consideration, and intended to lend his credit as a surety, and such was the effect of his endorsement. 34 Ark. 524; 24 *Id.* 511; 40 *Id.* 545. He was not entitled to contribution. 34 Ark. 75; Bispham's Eq. (3 ed.), § 330; 1 Lead. Cas. in Eq., p. 132. One who is guilty of bad faith cannot invoke the aid of equity. 6 R. C. L. 1036, § 2; *Ib.* 1040, § 5; 10 Am. St. 646.

The real situation of the parties may be proved for the purpose of defense to a suit for contribution. 10 Am. St. 646.

2. Plaintiff had already undertaken to secure judgment against the principal and sureties in a court of law under Kirby's Digest, §§ 7927-8, and the action is still pending. Until that suit is disposed of it is not proper to seek the same relief in another forum.

3. The judgment was wrong because it was absolute for the full amount against each of the individual co-endorsers or sureties with plaintiff. 24 Ark. 511; 34 *Id.* 524; 40 *Id.* 545. It was wrong also to assess ten per cent. interest when the note only drew eight per cent. 49 Ark. 104; 86 Cal. 449; 10 L. R. A. 54.

4. The rule of successive indorsers has no application. 57 Ark. 541-3; 267 Ill. 367; 81 Atl. 863; 98 N. Y. S. 858.

*Chas. F. Cole* and *Campbell & Suits*, for appellee.

1. The chancery court is the original and appropriate forum to enforce contribution. 57 Ark. 541; 94 *Id.* 335; 108 *Id.* 291; 114 *Id.* 183.

2. Appellee was the last endorser and as such entitled to all remedies against prior endorsers as well as the maker. 57 Ark. 541; 94 *Id.* 335.

3. There was no defense shown by the answer after submitting the facts set out in the complaint. 95 Ark. 488; 108 *Id.* 291; 123 *Id.* 594.

HART, J. This was a suit for contribution brought by appellee against appellants in the chancery court. Appellee in his complaint states facts substantially as follows:

That the defendant, Weaver-Dowdy Company, is a mercantile corporation at Batesville, Arkansas; that on July 1, 1914, the defendant, Weaver-Dowdy Company executed a promissory note to the Union Bank & Trust Company for $6,000.00 payable ninety days after date; that after the note was signed by Weaver-Dowdy Company, it was endorsed by the following individuals, in the order named: M. C. Weaver, G. E. Hogan, Frank Handford and F. W. Brewer; that on January 18, 1916, the bank sued the makers and endorsers of the note in the circuit court and obtained judgment against all of them except Brewer for the amount due on the note with accrued interest. Appellee further alleges in his complaint that he paid off the judgment whereby he became subrogated to the rights of the bank against the appellants. The prayer of his complaint is that he have judgment against appellants and each of them for the amount so paid by him.

Appellants answered and admitted the execution of the note. They also admitted that the bank obtained judgment against them for the balance due and the accrued interest and that appellee paid off the judgment after its rendition. For further answer appellants say that appellee Brewer, was a stockholder in the Weaver-Dowdy Company and was its secretary; that the other appellants were stockholders in said corporation; that appellee, Brewer, claimed to them that he was in bad health and wished to retire from the business; that he sold his stock to them for a valuable consideration and expressly agreed to continue to endorse for the Weaver-Dowdy Company so long as it should need his endorsement and especially until the

indebtedness which is the subject-matter of this suit was paid off; that appellee further expressly agreed that he would not again enter into the mercantile business in the city of Batesville in competition with the said Weaver-Dowdy Company; that in violation of said agreement he again entered into the mercantile business in competition with the said Weaver-Dowdy Company and when said indebtedness became due served notice on the bank under the provisions of section 7921 of Kirby's Digest to forthwith commence action against the principal debtor and the other persons liable on the note.

Appellee interposed a demurrer to the answer of appellants which was sustained by the court and it decreed that he have contribution as prayed for in his complaint.   It was further decreed that he recover from the defendants, Weaver-Dowdy Company, Frank Handford, G. E. Hogan and M. C. Weaver, or either of them, jointly or severally, the sum of $6,234.20 and costs.

To reverse that decree appellants prosecute this appeal.

It is sought to uphold the decree upon the authority of *Porter* v. *Huie*, 94 Ark. 333 and *Rice* v. *Dorrian*, 57 Ark. 541.   That is to say, it is contended that when several persons endorse a note in succession the legal effect is to subject them to liability as to each other in the order they endorse and that appellee having endorsed last, the others are liable to him for the whole amount of the note.

The principles announced in those cases only apply when the contracts of the endorsers are new and subsequent ones.   They have no application whatever to the facts of this case.   According to the allegations of the complaint the endorsers signed the note at the time it was signed by the Weaver-Dowdy Company.   They all signed it at the same time, one after another.   They signed the note as accommodation for the Weaver-Dowdy Company and thus became sureties for that company and not endorsers in succession as contended

by counsel for appellee.   Contribution is an equitable right growing out of the relation of the parties and does not depend upon any contract by one surety with another.

Appellee was a surety on the note and paid off the judgment after its rendition.   The right of a surety to come into equity for contribution, from his co-sureties is well settled.   Appellee was not entitled to recover against them jointly however.   He was only entitled to recover against his co-sureties their proportionate part of the judgment.   Of course, in doing this the *pro rata* amount must be based upon the number of solvent company sureties.   *Briggs* v. *Manning*, 80 Ark. 304; *Wilks* v. *Vaughan*, 73 Ark. 174; *Thorsen* v. *Poe*, 123 Ark. 77.

It follows that the court erred in holding the appellants jointly and severally liable to appellee and in entering a decree to that effect.   For this error the decree must be reversed and the cause will be remanded for further proceedings according to law and not inconsistent with this opinion.