## EARL v. ELLISON.

### Opinion delivered March 10, 1919.

1. ACTION—MISJOINDER OF CAUSES.—Where several parties joined as plaintiffs, but in separate counts, alleging that defendant at the same time, for the same price and under identical contracts, sold oats warranted to be Burt oats and to germinate, when they were not Burt oats and would not germinate, it was not error to overrule a demurrer for misjoinder and a motion to require plaintiffs to elect to dismiss as to all of the plaintiffs except one, since the court, under Acts 1905, p. 798, might have consolidated the actions if they had been brought separately.

2. PLEADING—NECESSITY OF PROOF—DAMAGES.—In view of Kirby's Dig., § 6137, providing that "allegations of value or of amount of damage shall not be considered as true by the failure to controvert them," it was error to render judgment for plaintiffs in a suit for damages arising from the sales of worthless seed, on their verified allegations as to the amount of damages without proof thereof.

Appeal from Conway Circuit Court; *A. B. Priddy*, Judge; reversed.

STATEMENT OF FACTS.

Seventeen parties, the appellees, as plaintiffs, instituted this action in the justice court against R. D. Earl, doing business under the firm name of Earl Brothers & Company, the defendant.

Each of the plaintiffs, in a separate count, set up that on or about the first day of February, 1917, he purchased from the defendant a certain quantity of Burt oats for seed. That he told the defendant that he wished the oats for seed; that the defendant ''falsely and fraudulently stated to the plaintiff that he would guarantee said oats to be the genuine Burt oats and that they would germinate. That plaintiff, relying upon said guaranty, purchased said oats and planted same, but they would not germinate and were entirely worthless and were not the genuine Burt oats; that said representations were false and untrue.'' Each of the plaintiffs, in each of the separate counts, designated the number of bushels of oats purchased by him and the amount of damages he had sustained, by reason of the alleged false representation, on account of the worthless oats, and also the amount of damages he had sustained in loss of rent, time and expense in preparing the soil and sowing the oats; and prayed judgment for damages. All of the plaintiffs joined in a prayer for judgment for damages for the aggregate amount of the sums paid by each of them for the oats and also for the aggregate amount of the damages sustained by them for the loss of time, and expense in preparing the soil and planting the oats, and in the loss of rent.

The case was appealed to the circuit court. The defendant filed a special demurrer in which he set up that there was a misjoinder of parties plaintiff and a misjoinder of causes of action, and that the court was, therefore, without jurisdiction. The demurrer was overruled. The defendant then filed a motion to require the plaintiffs to elect as to each cause of action and as to which plaintiff should prosecute the suit, and that the cause of action as to all other plaintiffs be dismissed. The motion was overruled. The defendant elected to stand upon his demurrer and motion, and refused to plead further.

''Thereupon,'' as the record recites, ''this cause coming on to be heard, same was submitted to the court upon the complaint of the plaintiffs, which was sworn to and

verified by the plaintiffs, and the court being well and sufficiently advised, doth find that the plaintiff, Ruff Ellison, is entitled to judgment against the defendant in the sum of $36.80."

Then follows consecutively a recital naming each of the other plaintiffs, and the amount of the judgment to which he was entitled, and a judgment in his favor for that sum. The recital concludes, "it is further ordered and adjudged that each of the above named plaintiffs have and recover of and from the defendants all their costs in this suit, laid out or expended, for which let execution issue."

The appellant duly excepted to the ruling of the court in overruling his demurrer to the complaint and his motion requiring the plaintiffs to elect and in rendering judgment against him, and from the judgment rendered prosecutes this appeal.

*Calvin Sellers* and *W. P. Strait,* for appellant.

1. The court erred in overruling the demurrer and the motion to require plaintiffs to elect. Plaintiffs were separate and distinct customers and each bought oats for planting purposes, and each was in no way interested in the other's purchase. There was clearly a misjoinder of separate parties and causes of action. Kirby's Digest, §§ 6079-80-81-83, under our statute there could be no consolidation of these separate suits between different parties and for separate causes of action. 65 Ark. 215; 80 *Id.* 231; 74 *Id.* 54; 90 *Id.* 482; 5 *Id.* 651.

2. It was error to render judgment without hearing proof on the intervention of a jury. Art. 2, § 7, Const.; 32 Ark. 553; 56 *Id.* 391; 48 *Id.* 426; 57 *Id.* 583; 109 *Id.* 534.

2. Allegations of value or the amount of damages must be proven before a jury. 90 Ark. 158; 1 Ark. 144; 4 *Id.* 534, 574; 12 *Id.* 599; 5 *Id.* 640; 10 *Id.* 258; 29 *Id.* 373; 39 *Id.* 491; Kirby's Digest, §§ 6137, 6240. It was at least the duty of the court to hear proof, *supra.*

*Edward Gordon,* for appellees.

1.    There is no error.    The questions argued by appellant were not raised in the court below and no objections were made below.    The rulings of the court were not objected to, nor saved in the motion for new trial nor shown by a bill of exceptions, and all objections are thereby waived.    60 Ark. 250.    See also 73 *Id.* 407; 85 *Id.* 326; *Ib.* 488; 91 *Id.* 43, 47; 108 *Id.* 224-6; 60 *Id.* 257; 15 How. 160.

2.    There was no misjoinder of parties.    Kirby & Castle's Digest, § 7254; Acts 1905, 798; 90 Ark. 483; 83 *Id.* 288; *Ib.* 255; 88 *Id.* 128.    See also 84 *Id.* 556; 91 *Id.* 51; 86 *Id.* 130; 83 *Id.* 372; 117 *Id.* 71; 119 *Id.* 558.

WOOD, J., (after stating the facts).    *First.*    The court did not err in overruling the demurrer nor in overruling the motion to require the appellees to elect to dismiss the complaint as to all except one of the plaintiffs. Act 339 of the Acts of 1905, page 798, provides: ''When causes of action of a like nature or relative to the same question are pending before any of the circuit or chancery courts of this State, the court may make such orders and rulings concerning the proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so.''

The several causes of action in the single complaint in separate counts, in which each plaintiff is named, grew out of precisely the same character of contract entered into on the same day for the purchase of the same kind of oats and at the same price.    The only difference in the several contracts being in the amount of oats purchased. While the difference in the quantity of oats purchased by each of the several plaintiffs and the difference in the loss of rent, time, and expense in preparing the soil and sowing the oats, necessarily caused a difference in the measure of damages for each of the several plaintiffs, nevertheless, there was such a similarity in the nature of

the causes of action as to bring the several causes strictly within the provisions of the above statute.

The purpose of the statute, as expressed therein, is "for avoiding unnecessary costs or delay in the administration of justice." It can readily be seen that the time of the court would be greatly conserved and the expense of litigants and taxpayers would be considerably reduced by combining these several causes of action into one for the purpose of trial. The language, "may consolidate said causes when it appears reasonable to do so," shows that a broad discretion was intended to be conferred upon trial courts in applying the statute in order to effectuate its advantageous purposes.

Our statute for the consolidation of causes, *supra,* is almost a literal copy of section 921, R. S. (U. S. Comp. St. 1901, p. 685).

In *Mutual Life Ins. Co.* v. *Hillman,* 145 U. S. 285-293, there was a single plaintiff who brought a cause of action against several defendants, in which the defense to the cause of action was the same. The trial court consolidated the actions for trial "because they appeared to the court to be of like nature and relative to the same question, because it would avoid unnecessary costs and delay, and because it was reasonable to do so and was within the discretionary power of the court, under section 921 of the Revised Statutes."

The Supreme Court of the United States, in approving the order of consolidation for trial, said: "The learning and research of counsel have produced no instance in this country, in which such an order, made in the exercise of the discretionary power of the court, unrestricted by statute, has been set aside on bill of exception or writ of error."

The same ruling would be applicable, of course, where there were several plaintiffs against one defendant. See *Rose Mfg. Co.* v. *Whitehouse Mfg. Co. et al.,* 193 Fed. 69.

In evoking the sound discretion of the court, each case must depend largely upon its own peculiar circum-

stances to determine whether the discretion of the court has been reasonably exercised.

If separate suits had been brought by each of the appellees against the appellant, it is manifest that the court under the above statute would not have abused its discretion in ordering the suits consolidated for trial. Such being the case, it was not prejudicial error to refuse to require the appellees to elect to proceed separately in the trial of the cases. There was not enough difference in the testimony upon which each of the appellees relied to produce inextricable confusion, and, therefore, the court was justified in its ruling. See *Waters Pierce Oil Co.* v. *Van Elderen,* 84 Ark. 556; *Mahoney* v. *Roberts.* 86 Ark. 130; *Ashford* v. *Richardson,* 88 Ark. 128; *St. L., I. M. & S. Ry. Co.* v. *Raines,* 90 Ark. 484; *American Ins. Co.* v. *Haynie,* 91 Ark. 51; *Fidelity Phoenix Fire Ins. Co.* v. *Freidman,* 117 Ark. 77; *The Beatrice Creamery Co.* v. *Garner,* 119 Ark. 564.

*Second.* After the demurrer and the motion to elect were overruled, the appellant stood upon his pleadings and refused to plead further, and the court proceeded, thereupon, to render judgment for the several plaintiffs, appellees, in the amounts severally claimed by them in their complaint.

One of the grounds of the motion for new trial is, "that the court erred in rendering judgment against the defendant in this cause."

"Allegations of value or of amount of damage shall not be considered as true by the failure to controvert them." Sec. 6137, Kirby's Digest.

The court erred in rendering judgment in favor of the appellees on the allegations of their complaint as to the amount of damages, without proof as to the amount of such damages. *Derrick* v. *Cole,* 60 Ark. 394-399; *Greer* v. *Newbill,* 89 Ark. 513; *Greer* v. *Strozier,* 90 Ark. 161.

For the error indicated, the judgment is reversed and the cause is remanded for new trial.

SMITH, J., concurring.