MEMPHIS, DALLAS & GULF RAILROAD COMPANY v.
THOMPSON.

Opinion delivered March 17, 1919.

1. RAILROADS—CROSSING ACCIDENT—NEGLIGENCE.—Proof, in an action for death of plaintiff's intestate at a crossing, that defendant's train came around a curve and on to the crossing at a high rate of speed and without signaling is sufficient evidence of negligence.

2. SAME—DEATH BY RUNNING OF TRAIN—PRESUMPTION.—From proof that plaintiff's intestate was killed in a collision by a train, a presumption arises that the railway company was negligent.

3. SAME—CONTRIBUTORY NEGLIGENCE—JURY QUESTION.—Where deceased, riding in a wagon driven by another, was killed at a crossing when a train collided with the wagon, the question of his contributory negligence was for the jury.

4. DEATH—DAMAGES—WHEN NOT EXCESSIVE.—Where decedent, a farmer twenty-two years old, industrious and competent, and managing a farm for the benefit of his dependent next of kin, producing $500 or $600 annually, was killed by defendant's negligence, a recovery of $1,200 for their benefit was not excessive.

5. SAME—DAMAGES FOR PAIN AND SUFFERING.—Where the evidence tended to prove an instantaneous death, there being no conscious pain and suffering, a recovery for the benefit of decedent's estate will not be sustained.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed as to judgment for benefit of éstate of decedent; affirmed as to judgment for benefit of next of kin.

*J. W. Bishop,* for appellant.

1. Appellee was not entitled to recover anything because of contributory negligence of the deceased. Neither he nor his driver stopped, looked nor listened for the train at the crossing, nor exercised care or diligence to discover a train where the track was plainly in view and open and unobstructed. Such negligence precludes a recovery. 10 N. E. 128; 5 N. Y. S. 574; 54 Ark. 431; 56 *Id.* 459; 59 *Id.* 129; 61 *Id.* 559; 62 *Id.* 158, 250; 65 *Id.* 239; 76 *Id.* 14, 225; 78 *Id.* 359; 81 *Id.* 326; 82 *Id.* 444; 92 *Id.* 443; 94 *Id.* 529; 99 *Id.* 170; 100 *Id.* 533.

Where a person injured has been guilty of contributory negligence the liability of defendant arises only from a failure to use ordinary care after the discovery of the perilous position. 86 Ark. 306; 87 *Id.* 628; 89 *Id.* 496; 92 *Id.* 437; 96 *Id.* 438; 101 *Id.* 322; 69 *Id.* 135; 92 *Id.* 443; 97 *Id.* 442; 117 *Id.* 457; 99 *Id.* 171; 103 *Id.* 378; 115 *Id.* 529; *Ib.* 101; 105 *Id.* 294; 125 *Id.* 440; 121 *Id.* 351. See also 111 Ark. 137; 115 *Id.* 48; Kirby & Castle's Digest, § 8131.

2. The testimony for plaintiff was not sufficient to warrant the verdicts returned, even if defendant had been present making a defense and it was not and had no opportunity to rebut the presumption of the *prima facie* case made. However, in the motion to vacate, it is shown that the engineer blew the whistle and stock alarm, applied brakes, rang the bell, etc.; that the wheels skidded, as the rails were wet and slippery. It is shown that all due precautions were taken to prevent an accident or injury.

3. The verdicts after the remittitur are still excessive and not warranted by the evidence. There was no evidence as to pain and suffering, as deceased was unconscious from the time he was struck until death. A verdict should have been directed for defendant. Cases *supra.* The judgment should be reversed and the cause dismissed.

4. The $1,500 judgment after the remittitur is still excessive, as under the proof there should have been no recovery at all. *Supra.*

*Calvin T. Cotham* and *Houston Emory,* for appellee.

1. The transcript is imperfect and incomplete and this case should be affirmed as a delay case.

2. No contributory negligence was shown on part of deceased. It is shown that Mahan, the driver, used and exercised due care. The cases cited by appellant are not in point. 10 N. E. 128; 5 N. Y. S. 574, is a strong case for appellee.

3. The questions of negligence and contributory negligence are always for the jury unless the facts are undisputed and here the questions have been settled by

the verdicts. 97 Ark. 347. The evidence abundantly sustains the verdicts. The verdicts are not excessive. On the whole case the judgment should be affirmed. 61 Ark. 549; 97 *Id.* 347; 101 *Id.* 424.

HUMPHREYS, J. On January 15, 1918, appellee, as administrator, for the benefit of both the estate and next of kin of Braden Thompson, deceased, instituted suit against appellant in the Garland Circuit Court, to recover damages on account of the killing of Braden Thompson on January 1, 1918, at a point where appellant's railroad crossed a public road in Garland County, near the Gardner ferry or bridge. It was alleged in the complaint that appellant's employees wrongfully, carelessly and negligently ran its passenger train across said public road crossing at an unusual speed and failed to ring the bell or sound the whistle or to give any other warning of its approach, and failed to keep a constant lookout for persons about to cross the track at the public crossing; that appellee's intestate was bruised, mangled and mutilated as a result of the injuries received from the train when it struck him, and died within a few minutes in great pain and mental anguish; that, at the time his intestate was killed by the train, he was 22 years of age, and was appellee's main dependence for labor on his farm; that, on account of the wrongful killing of his intestate, he was damaged, as father and next of kin, in the sum of $5,000, and that the estate of his intestate was damaged in the sum of $15,000.

Appellant filed answer denying all material allegations in the complaint and alleged, as a further defense, that at the time of the injury, appellee was seated in a wagon drawn by a pair of mules and driven by Alexander Mahan; that they suddenly drove upon the track, immediately in front of the approaching train, without looking and listening, and without using the means at their command to ascertain the approach of the train.

On the 12th day of June, 1918, the cause was submitted to a jury upon the pleadings, appellee's evidence and instructions of the court. The jury returned a ver-

dict in favor of W. G. Thompson, administrator, for the benefit of next of kin, in the sum of $5,000, and a verdict in favor of W. G. Thompson, as administrator, for the benefit of the estate, in the sum of $5,000. Upon the same day, judgment was rendered in accordance with the verdicts. Appellant was not present at the trial, but appeared on June 14th and requested and was granted until June 22nd to file a motion to set aside the judgment and for a new trial. On that date, appellant filed its motion setting up, first, that it was not present at the trial and not represented by counsel, for the reason that it was led to belive that the cause would not be tried until after the primary election; that it had a meritorious defense to the cause of action, setting it out; and that the evidence was insufficient to support the verdict and judgment. Thereafter, appellee filed a response to the motion denying all material allegations therein. On the 13th day of July, 1918, the motion was submitted to the court upon affidavits and testimony. The court declined to vacate the judgment and grant defendant a new trial upon remittitur by appellee of his judgment as administrator, for the benefit of the estate, to the sum of $300, and his judgment as administrator, for the benefit of the next of kin, to the sum of $1,200, and modified the original judgment to conform to the amounts as thus reduced. From the final judgment, under proper proceedings, an appeal has been prosecuted to this court.

We deem it unnecessary to set out even a summary of the evidence introduced by appellant in support of the motion to vacate, and by appellee in support of his response thereto, for the reason that appellant does not now contend in his argument and brief that the court erred in refusing to vacate the judgment. It is contended, however, by appellant that the undisputed evidence disclosed, first, that the death of appellee's intestate was not caused by the negligence of the appellant's employees; second, that the death of appellee's intestate was caused by his own negligence; and, third, that the judgment was excessive, even after the remittitur.

(1)   The evidence tended to show that appellant's train was behind time; that it approached the crossing, where the fatal accident happened, at a high rate of speed; that the employees failed to sound the whistle or ring the bell; that the train came around the curve onto the crossing from behind a hill; that it struck the wagon broadside, in which Braden Thompson was riding, and carried his body about 100 feet west and deposited it a few inches to the north of the track where it was found badly bruised and broken. The train came to a stop 550 yards west of the crossing. Under these facts, appellant must be held on appeal to have injured and killed Braden Thompson through the negligent acts of its employees, because there is some legal evidence tending to establish negligence on their part. *Malone* v. *Collins,* 112 Ark. 269. Again, the killing was proved beyond question, so the law will indulge the presumption that it was negligently done. *St. L., I. M. & S. R. Co.* v. *Evans,* 80 Ark. 19; *Huddleston* v. *St. L., I. M. & S. R. Co.,* 90 Ark. 378; *St. L., I. M. & S. R. Co.* v. *Drew,* 103 Ark. 374.

(2)   On the morning of January 1, 1918, Braden Thompson, who was walking to Hot Springs to make out his questionnaire, was overtaken by Alexander Mahan who invited him to ride. He took his seat beside Mahan in the wagon and they proceeded along the public road toward town. When within thirty feet of the point where the railroad crossed the public road, Mahan looked in the direction from which the train came and continued to look while going on, but did not see the train until his mules crossed the track and the front wheels of his wagon had crossed the first rail. He then hallooed to his mules and slashed them in an effort to push them across the track, having gone too far to get them back. He saved himself by jumping. As the front wheels crossed the track, Braden Thompson said, ''There comes the train,'' and Mahan thought that he jumped about the same time he himself did. The train came onto the public road crossing around a curve and from behind a hill, which prevented Mahan or Braden from seeing the train until they

were upon the track. This proof, taken in connection with the fact that there was proof tending to show that the whistle was not blown or the bell rung as the train approached the public road crossing, and the fact that the train was behind time and running at a great rate of speed, was sufficient to carry the question of contributory negligence to the jury. *St. L., I. M. & S. R. Co.* v. *Martin,* 61 Ark. 549; *Missouri & North Ark. Rd. Co.* v. *Clayton,* 97 Ark. 347; *St. L., I. M. & S. R. Co.* v. *Hutchinson,* 101 Ark. 424.

(3)  The evidence is sufficient to sustain the judgment of $1,200 in favor of appellee, as administrator, for the benefit of the next of kin of Braden Thompson, deceased. On account of sickness and old age, appellee was unable to work and manage his farm. He had made arrangements with his son to look after the place and farm it, with the understanding that the family should receive support out of the proceeds therefrom. The family consisted of himself, wife and two younger children. The young man had been residing at home, was unmarried, industrious and competent to manage and work the farm. There were thirty-five acres of the farm in cultivation and it would produce between five and six hundred dollars annually in crops. It cannot be said that the judgment of $1,200 in favor of appellee, as administrator for the benefit of the next of kin of deceased, was excessive. The judgment, however, of $300 in favor of appellee, administrator for the benefit of the estate of Braden Thompson, deceased, was not warranted by evidence. In order for appellee, in his representative capacity as administrator for the benefit of the estate of Braden Thompson, deceased, to sustain a recovery for more than nominal damages, it was necessary to have shown that his intestate underwent conscious pain and suffering prior to his death. *St. L., I. M. & S. R. Co.* v. *Dawson,* 68 Ark. 1. Appellee did not meet this burden. Alexander Mahan was the only witness to the killing. His testimony on this point was that, when the train struck the wagon, Braden Thompson was in the act of jumping, that he found him

in a few seconds, 100 feet west of the crossing, near the track, lying on his stomach, his legs broken and twisted, and arms doubled around; that, as he approached him, he heard him struggle two little struggles; that he never spoke a word; was pale, and dead, so far as he could judge. For aught the evidence showed, appellee's intestate was killed instantly or rendered unconscious when struck by the train. To say otherwise would be mere conjecture. For failure to show, by direct or circumstantial evidence, conscious pain or suffering prior to the death of appellee's intestate, the $300 judgment can not stand.

The judgment for $1,200 is therefore affirmed, and the judgment for $300 is reversed and the action of appellee, as administrator for the benefit of said estate, is dismissed.