PENNINGTON *v.* KARCHER.

Opinion delivered October 4, 1926.

1. APPEAL AND ERROR—HARMLESS ERROR—PARTIES.—That several
   plaintiffs improperly joined in a suit to enforce contribution
   from defendant was not ground for reversal of the decree, since,
   under the Civil Code, the court might have consolidated actions
   separately brought by them.

2. PRINCIPAL AND SURETY—RIGHT TO CONTRIBUTION.—The reciprocal
   obligations of sureties to contribute proportionately to the prin-
   cipal debt does not depend upon the express contract between
   them, but is founded upon the principles of equity, as a liability
   growing out of their mutual relationship.

3. LIMITATION OF ACTIONS—SUIT FOR CONTRIBUTION.—A suit between
   sureties to compel contribution is governed by the three-year
   statute of limitations (Crawford & Moses' Dig., § 6950).

4. LIMITATIONS OF ACTIONS—CONTRIBUTION—WHEN ACTION ACCRUES.
   —As affects limitations, a right of action for contribution accrues
   when one surety pays more than his share of the common lia-
   bility.

5. PRINCIPAL AND SURETY—RIGHT TO CONTRIBUTION.—Where plain-
   tiffs as sureties executed their note in satisfaction of their prin-
   cipal's indebtedness, and same was accepted by the creditor,
   this constituted a payment by plaintiffs, entitling them to recover
   his proportionate share of the liability from a cosurety who
   refused to sign the note.

Appeal from Pulaski Chancery Court; *John E.
Martineau,* Chancellor; affirmed.

STATEMENT OF FACTS.

Appellees brought this suit in equity against appel-
lant for contribution. The facts are substantially as
follows:

Appellant and appellees were directors of a build-
ing and loan association in the city of Little Rock, and

L. E. Walther, who died some months prior to the rendi-
tion of the decree in this case, was its secretary. An
audit of the books of the association in 1918 showed a
shortage in the secretary's accounts of $20,663.69, which
was caused by the payment of building association stock
before it had fully matured. The directors, believing
themselves to be liable for the amount of the shortage,
borrowed the amount thereof from the Southern Trust
Company of Little Rock, Arkansas, and delivered to said
bank their note for $20,663.69, dated February 3, 1918,
payable six months after date.

L. E. Walther did not sign the note, but paid the
interest at its maturity. A renewal note was executed by
L. E. Walther and by appellant and appellees. Walther
paid the interest on this note when it matured, and a new
note for the principal was executed February 3, 1919, by
Walther, and by appellant and appellees.

On the 4th day of August, 1919, when this note
matured, Walther paid the interest and $63.69 on the
principal. On August 4, 1919, Walther, appellees and
appellant, all signed a new note for $20,600, payable six
months after date to the Southern Trust Company.
Walther paid nothing further on the indebtedness except
$588.72, realized from the proceeds of a bauxite lease
owned by him.

Appellees continued to reduce the principal of the
indebtedness to the Southern Trust Company and to pay
the interest on the renewal notes until the 12th day of
September, 1921, when the indebtedness was reduced to
$10,600.

During all this time appellant had signed the renewal
notes, but did not pay any part of the principal or inter-
est. On September 12, 1921, appellant refused to sign a
renewal note for the balance of the indebtedness due the
Southern Trust Company. Appellees paid the balance of
the indebtedness, and brought this suit in the Pulaski
Chancery Court against the appellant on the 26th day of
March, 1924, to enforce contribution.

L. E. Walther was not made a party to the suit because he was regarded as insolvent. The evidence shows that L. E. Walther was insolvent at the time the first note was executed, and continued to be insolvent until his death.

The chancellor found the issues in favor of appellees, and it was decreed that appellant should pay them his proportionate part of the indebtedness for which the original note and the renewal notes were executed.

The case is here on appeal.

*Mehaffy & Mehaffy,* for appellant.

*Buzbee, Pugh & Harrison,* for appellee.

HART, J., (after stating the facts). The first ground relied upon for a reversal of the decree is that appellees could not join in one suit to recover the amount alleged to be due them by appellant, for contribution. Assuming counsel for appellant are right in this contention, it does not call for a reversal of the decree, since, under our Civil Code, the trial court might have consolidated the actions if they had been brought separately. *Earl* v. *Ellison,* 138 Ark. 166, 210 S. W. 346.

It is next contended by counsel for appellant that the court erred in refusing to sustain their plea of the statute of limitations. The reciprocal obligations of sureties to contribute proportionately to the principal debt does not depend upon the express contract between them, but is founded upon the principles of equity, as a liability growing out of their mutual relationship. *Weaver-Dowdy* v. *Brewer,* 127 Ark. 462, 192 S. W. 902; *Reed* v. *Rogers,* 134 Ark. 528, 204 S. W. 903; and *Bank of Searcy* v. *Baldock,* 153 Ark. 308, 240 S. W. 399.

It is contended that the three-year statute of limitations, applicable to implied contracts not in writing, rules the present case, and such is our holding in *Cooper* v. *Rush,* 138 Ark. 602. It was also expressly held in that case that the right of action for contribution accrues when one surety pays more than his share of the common liability. This is in accordance with the general rule, that a party acquires the right of contribution as soon as

he pays more than his share, but not until then, and consequently the statute of limitations does not begin to run until then. *Richter* v. *Blassingame,* 110 Cal. 530, 42 Pac. 1077; *Durbin* v. *Kuney,* 19 Ore. 71, 23 Pac. 661, and 13 C. J. 833.

When the appellees executed the note for $10,600, on the 12th day of September, 1921, which appellant refused to sign, and the Southern Trust Company accepted the note of appellees, this constituted a payment by appellees, and is equivalent in law to a payment in cash. *Green* v. *Anderson,* 102 Ky. 216, 43 S. W. 195; and 13 C. J. 823, and cases cited.

The present suit was commenced on the 26th day of March, 1924, which was less than three years from September 12, 1921, when the note by appellees was executed and accepted by the bank in full satisfaction of the demand due by the obligors. It is obvious that the statute did not begin to run until September 12, 1921, because the payments made by the appellees prior to that time did not amount to as much as their proportionate part of the indebtedness. The record shows that, each time a payment was made, each appellee paid his own proportionate part thereof, and these sums did not amount to as much as his proportionate share of the liability.

Hence the chancellor properly held that the action of appellees against the appellant for contribution was not barred by the statute of limitations. Therefore the decree is affirmed.