VESTAL *v*. KNIGHT.

Decided January 3, 1891.

54  97
73  484

1. *Joint maker of note—Parol evidence of suretyship.*

    Parol evidence is admissible to show that one of the makers of a note signed as surety.

2. *Note—Extension of time—Consideration.*

    Payment of interest on a note in advance is a sufficient consideration to support a contract for the extension of the time of payment.

3. *Extension—Discharge of surety.*

    An agreement upon a valid consideration by the holder of a note, without consent of a surety thereon, to extend the time of payment for a stated time will discharge the surety.

APPEAL from *Crawford* Circuit Court.

Hugh F. Thomason, Judge.

*Nimrod Turman* for appellant.

1. Parol evidence should have been excluded, because it qualified and varied the terms of the written instument. 50 Ark., 393 and cases cited; 15 Ark., 9. See, also, 2 Dan. Neg. Inst., sec. 1338; 141 Mass., 587; 68 Me , 390; 6 Atl. Rep., 11.

2. An extension of time will not release sureties, unless supported by a valid consideration. 2 Dan. Neg. Inst., secs. 1315–16. The evidence showed no consideration for the extension.

3. A part payment of a debt at or after it becomes due is not a sufficient consideration for an extension of time, and will not discharge the surety, though the agreement be carried out by the creditor. 34 Ark., 52; 2 Dan. Neg. Inst., sec. 1317 b.

HUGHES, J. Appellant brought suit before a justice of the peace against A. S. Waltermire and the appellees, Merritt Knight and George W. Knight, upon the following promissory note:

"$98.90                ·    VAN BUREN, ARK., December 4, 1886.

" Twelve months after date, we or either of us promise to pay V. S. Vestal or order ninety-eight and 90-100 dollars, with interest at the rate of 10 per cent. per annum from date until paid.                                          .

                                "A. S. WALTERMIRE,

                                " MERRITT KNIGHT,

                                " GEORGE W. KNIGHT."

This note bore upon its back the following indorsement:

" Rec'd on this 5th day of December, 1887, $10 and time of payment extended twelve months from maturity.

                                "V. S. VESTAL,

                                Per NIMROD TURMAN."

On the trial in the circuit court upon appeal from the justice of the peace, appellees, over the objection of the appellant, were allowed to show by parol evidence that Merritt Knight and George Knight were sureties on the note for Waltermire; that Vestal, the appellant, knew that they signed as sureties; that the ten dollars credited on the note was paid appellant's agent, who at the time extended the time of payment one year from maturity of the note; and that Waltermire, the principal, was solvent, when the time for payment was extended; and that before the extension of time expired he became insolvent, and has been insolvent ever since; also that appellees did not consent to the extension, and did not know of it until told of it afterwards by Waltermire. The proof also showed that appellees did not notify appellant after maturity of the note to bring suit against the principal.

The court gave to the jury the following instruction:    " If the jury believe from the evidence that said defendants, Merritt Knight and George W. Knight, signed the note in controversy as surety for said Waltermire, and that said Vestal knew that they so signed the note, and that at the time of the maturity of said note said Vestal, or his legally authorized agent or attorney, made an entry and agreement upon said note extending the time of payment thereof for

twelve months from the maturity thereof, and that the extension was made without the knowledge and consent of said Merritt Knight and George W. Knight, that the act of the plaintiff in so extending the time discharges the said sureties from all liability upon said note and will find for said sureties." To the giving of this instruction—which was the only instruction given by the court—the plaintiff objected, his objection was overruled by the court, and he at the time excepted.

Appellants asked the court to give the following instruction, which was refused by the court, to which appellant excepted: "That if the jury find from the evidence that the defendants, Knight, were only sureties on said note, and that, when it fell due, Waltermire, the principal on said note, paid ten dollars, which was credited by plaintiff's agent on said note, and that said agent extended the time of payment one year, in the absence of defendants, Knight, and without their consent or objection, this is not a good consideration for the extension of time, and will not release the sureties, because there was no valid extension of time, and the jury will find against both principal and sureties."

The jury found for appellees, Knight. Plaintiff moved for a new trial, which was refused, and he excepted and appealed.

Appellant's counsel contends that the parol evidence should have been excluded because it qualified and varied the terms of the written instrument. There is conflict of authority on the question of the admissibility of parol testimony to show that a joint maker of a promissory note signed only as surety. It is well settled that parol evidence is not admissible to alter or controvert the terms of a written contract. But "such proof does not controvert the terms of the contract, but is simply proving a fact outside of, and beyond, such terms." "It is a collateral fact to the contract and no part of it." "The parties still remain bound by the same instrument and in the same manner." Brandt on Suretyship, sec. 17; *Carpenter* v. *King*, 9 Met., 511; *Harris* v. *Brooks*,

1. Note—Parol evidence.

21 Pick., 195 ; *Ward* v. *Stout*, 32 Ill., 399. The weight of authority and reason is that such testimony is admissible. *Stillwell* v. *Aaron*, 69 Mo., 539; 1 Glf. Ev., secs. 303–4; *Hubbard* v. *Gurney*, 64 N. Y., 461.

**2. Considera-tion for extend-ing time.** But it is said there was no consideration for this extension, and that it did not bind the appellant not to sue. Why not? The ten dollars were paid before the payment of the note could have been demanded. It was paid before the three days of grace expired. Payment of interest on a note in advance is sufficient consideration to support a contract for the extension of the time of payment. Wherever any injury to one party to a contract, or any benefit to the other party, springs from a consideration, it is sufficient to support the contract. The adequacy of the consideration, if the agreement is *bona fide*, is in the discretion of the parties. However slight the inconvenience or damage appears to the promisee, provided it be susceptible of any legal estimation, it is sufficient to support a contract. *Stillwell* v. *Aaron*, 69 Mo., 539, and cases cited; *Uhler* v. *Applegate*, 26 Pa. St., 140; Brandt on Suretyship, secs. 305–6. "The payment of part of a debt by the principal, at the time or after it became due, is not a sufficient consideration to support an agreement for forbearance. * * * In such case, no benefit is received by the creditor but what he was entitled to under the original contract, and the debtor has parted with nothing but what he was already bound to pay." But "payment of a part of a debt, before it is due, is a sufficient consideration to support an agreement for delay of payment of the remainder" Brandt on Suretyship, sec. 306, and cases cited, note 3.

**3. When ex-tending time discharges sure-ty.** "An agreement upon a valid consideration by a creditor, without the consent of the surety, not to sue the principal debtor for a stated time, discharges the security. Such an agreement ties up the hands of the creditor, because, if he breaks it, he may be sued for damages." *Thompson* v. *Robinson*, 34 Ark., 52.

The instruction refused by the court below was abstract. Finding no error the judgment is affirmed.

COCKRILL, C. J., did not participate.