CASE 99—PETITION EQUITY—SEPTEMBER 21.

# Carter v. McDaniel.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. A WIDOW IS NOT ENTITLED TO DOWER IN A REMAINDER OR REVERSIONARY INTEREST of the husband in land where there was no seizin by the husband in fact or in law at any time during the marriage. Therefore, where a husband who was entitled to the reversion in land upon the termination of a dower interest died before the death of the dowress, his widow was not entitled to dower therein; and this is true, although he was in possession of the land prior to the allotment of dower, as he held the possession subject to the permanent right of the widow to the possession of any part of the land that might be assigned to her as dower, and when she obtained the possession by virtue of that right he stood in the same attitude that he would have done if he had lost the right of possession by a superior title.

Carter v. McDaniel.

2. THE PURCHASER OF A DOWER INTEREST in land having remained in possession after the death of the dowress, he is liable to the heirs for rent from that time.

LIEBER & LINCOLN FOR APPELLANT.

1. James T. McDaniel was not seized with title in or possession of the lands in his lifetime, and, therefore, his widow is not entitled to dower therein or the rent thereof. There must be actual possession or right of possession in the husband during his lifetime to entitle his widow to dower. (Butler v. Cheatham, 8 Bush, 594; Gassaway v. Woods. 9 Bush, 72; Eustache v. Rodaquest, 11 Bush. 47.)

2. The heirs of James T. McDaniel are not entitled to any rents whatever as against appellant, as he was a tenant in common with them. Where one co-tenant occupies the common property he is not liable to account to the other tenant in common either for rent or for a share of the profits unless there is an express agreement that he shall do so. (Wilcox v. Wilcox, 48 Barb., 327; Schneider v. Taylor, 16 Lea. (Tenn.), 304 )

JAMES P. GREGORY AND R. REID ROGERS FOR APPELLEE.

1. This appellee is entitled to dower.

The homestead of Ashbrene McDaniel was abandoned. (10 Bush, 279; 11 Bush, 232; 13 Bush, 442; 14 Bush, 101; *Idem*, 585.)

But even if this were not true, the homestead exemption would not be such an estate as to prevent the dower of appellee attaching to the interest of her husband, as the homestead exemption is not an estate in land. (12 Bush, 405.)

2. Where one of several joint tenants occupies land in severalty, he must account to the other joint tenants for their proportion of the rents and profits. (McClanahan v. Henderson, 3 Mar., 391; Graham v. Graham, 6 Mon., 562; O'Bannon v. Roberts, 2 Dana, 55.)

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

Harrison McDaniel died intestate in 1875, leaving Ashbrene McDaniel, his widow, and James T., Ida May and Wesley McDaniel, children. Harrison McDaniel's administrator filed a suit for the settlement of his estate as insolvent. Ashbrene McDaniel, the widow, intervened by cross-petition, asking the allotment of dower in her deceased husband's land. About forty-eight acres were allotted to her, and

the balance of the land was sold to pay the debts of the deceased. After the allotment of dower, the widow sold the same to the appellant Carter, who held the possession of it until her death, which was in 1890. He also held the possession of it after her death. In 1876 James T. McDaniel mortgaged his undivided interest in said land to the appellant to secure the payment of one hundred dollars and interest, at the rate of ten per cent. At the time of the allotment of dower, said James was in the possession of said tract of land and was forced to surrender the possession of the dower right by order of the court. His death occurred before that of Mrs. Ashbrene McDaniel, the appellant being in the possession of the dower land at the time. To the appellant's suit to foreclose said mortgage, the widow and heirs of James T. McDaniel resisted his right to recover, the widow claiming dower and the heirs their interest, and that the appellant was liable to them for rents. A trial of the case resulted in the dismissal of the appellant's petition and judgment over against him for rents.

The objection to the mortgage that the dower interest is not sufficiently described is not well taken; for the mortgage does mortgage James T. McDaniel's undivided interest in his father's land, which includes any and all interests that he owned therein, whether in possession, reversion or remainder. Was the widow of James McDaniel entitled to dower in the said reversionary interest of her husband? It is well settled by this court that where there is no seizin in fact or in law by the husband at any time during

Carter v. McDaniel.

marriage in a remainder or reversionary interest, his widow is not entitled to dower therein. (See Butler v. Cheatham, 8 Bush, 594, and the cases there cited.) But the widow contends that inasmuch as her husband held the possession of the land before dower was allotted, that that fact entitles her to dower. We do not think so, because he held the possession subject to the superior and paramount right of the widow to the possession of any part of the land that might be assigned to her as dower, and when she obtained the possession of the same by virtue of this paramount right, the inchoate right to dower therein ceased. He stood in the same attitude that he would have done if he had lost the right of possession by a superior title.

The appellant having held the possession of the dower after the death of Mrs. Ashbrene McDaniel, he is responsible to the heirs of James McDaniel for the rent of the same as long as he held it after her death.

The case is reversed, with direction to subject one-third of the dower interest to the appellant's mortgage debt, and if he has lost the right to interest on the debt to disallow the same, and to disallow the widow's claim to dower, and to offset the appellant's debt with the amount of rent that may be due the heirs, and for further proceedings consistent with this opinion.