HAMITER *v.* BROWN.

Opinion delivered November 16, 1908.

1. BILLS AND NOTES—BONA FIDE HOLDER—ACCOMMODATION PAPER.—One who takes negotiable paper in payment of an antecedent debt, before maturity and without notice of any defect therein, receives it in due course of business, and is a holder for value, even against a joint maker who executed the paper for accommodation merely. (Page 98.)

2. SAME—DEFENSE.—It is no defense to a suit by the *bona fide* holder of negotiable paper that he acquired the paper with notice that one of the makers signed as accommodation surety. (Page 98.)

Appeal from Pulaski Circuit Court, Second Division; *Edward W. Winfield,* Judge; affirmed.

*Dan W. Jones,* for appellant.

It is undisputed that appellant signed the notes as surety merely. Of this fact parol evidence is admissible. 54 Ark. 97. Appellee admits knowledge of the fact that appellant signed as surety merely at the time he received the notes. No consideration is shown either to Tucker or to appellant, but, at most, appellant held the notes as collateral security for a debt which appellee alleges Tucker owed him. He relinquished no valuable right, gave no time to Tucker, neither did he receive the notes absolutely and unconditionally in payment of Tucker's pre-existing debt, nor "in due course of trade" for value. Appellee therefore took the notes subject to appellant's equities. 13 Ark. 150, 159. The justice of the peace court, where this cause originated, had the power, and it was its duty, to apply equitable doctrines to the questions arising in this case. 44 Ark. 377; 55 Ark. 101.

*E. M. Merriman,* for appellee.

It is immaterial whether appellant was surety or maker; in either instance he is bound, but the facts developed show that he was a maker. 62 Ark. 387; 40 Ark. 545; 34 Ark. 524; 35 Ark. 279. Parol evidence is not admissible to vary or contradict the written contract. 1 Daniel on Neg. Inst. § § 80, 87, and authorities cited. A pre-existing debt is a valid consideration for a note. *Id.* § 184; 30 Ark. 684. See also 27 Ark. 407; 21 Ark. 18.

McCULLOCH, J. This is an action instituted by appellee on three negotiable promissory notes executed to him by appellant, as one of the joint makers with W. T. Tucker and T. H. Davis.

Appellant and Davis signed the notes as joint makers, but were in fact only accommodation sureties for Tucker, which fact was known to appellee when he accepted the notes. Tucker was indebted to appellee for a sum of money collected as attorney for the latter, and appellee testified that the notes were delivered to him in satisfaction of the debt. Tucker admitted that he was indebted to appellee for money collected as the latter's attorney, but denied that the notes were delivered in satisfaction of this debt. He testified that he delivered the notes to appellee for the latter to use as collateral in borrowing money, and that he represented to appellant, when he requested him to sign as surety, that the notes were to be used only for that purpose. Appellant also testified that he signed the notes upon said representations made to him by Tucker that the same were for appellee's use as collateral in borrowing money. Appellee did not negotiate the notes, but kept them until maturity, and afterwards instituted this action on them.

There is no dispute in the evidence as to these representations being made by Tucker to appellant to induce him to sign the notes; and, as the verdict of the jury has settled in appellee's favor the conflict between his testimony and Tucker's as to the purpose for which the notes were delivered, we must treat it as settled that the notes were put into circulation by Tucker for a purpose not in accordance with his representations to appellant when he obtained the latter's signature.

Appellant, then, has made out a defense except as against a *bona fide* holder of the notes for value. Can appellee, who accepted the notes in payment of an antecedent indebtedness from Tucker, the principal, claim as an innocent holder for value? This court has answered that question in the affirmative. *Tabor v. Merchants' National Bank*, 48 Ark. 454. In that case the court held that "one who takes negotiable paper in payment of an antecedent debt before maturity and without notice, actual or otherwise, of any defect thereto, receives it in due course of business, and becomes, within the meaning of commercial law, a holder for value."

The fact that appellee knew when he received the notes that appellant was an accommodation surety does not affect his right

to recover. *Evans* v. *Speer Hardware Co.,* 65 Ark. 204.

The instructions given by the court at the instance of appel-
lant were more favorable to him than he was entitled to, but of
this he cannot complain.

The evidence justified the verdict of the jury, and the judg-
ment is affirmed.