### HILL *v.* TREZEVANT & COCHRAN.

### Opinion delivered April 3, 1916.

PRINCIPAL AND SURETY—NEW BOND—RELEASE OF SURETY.—H. and P. were sureties on the bond of one B., who was acting as agent for the appellee. B. became in default, and was suspended by the appellee. The shortage was made good, B. was reinstated and a new bond with new sureties was executed to appellee. Upon a second default by B., appellant sued upon both bonds. *Held*, the settlement of the first shortage and the suspension of B. operated to release the sureties upon the first bond.

Appeal from Lawrence Circuit Court, Eastern District; *R. E. Jeffery,* Judge; reversed.

*W. E. Beloate* and *H. L. Ponder,* for appellant.

Appellant, Hill, was released when the *new* bond was given. The judgment is erroneous; clearly against all the evidence.

McCULLOCH, C. J. The plaintiffs, Trezevant and Cochran, are general agents for insurance companies and in the year 1901 appointed J. N. Beakley local agent at Walnut Ridge, Arkansas. They exacted a bond from Beakley and the latter executed a bond in the sum of

$500.00 with P. B. Hill and H. L. Ponder as sureties, the condition of the obligation being that said Beakley would "faithfully and punctually pay over, at Dallas, Texas, to said Trezevant & Cochran, all sums due or that may become due to them, as general agents aforesaid, from time to time, for moneys collected or received by said agent for premiums on policies of insurance or for any other account whatever  *   *.   *   and perform all the duties of such agent of said company and comply with all instructions contained in his commission of authority, and that may be from time to time communicated to said agent by said Trezevant & Cochran, general agents," etc. There was no time specified in the bond, but Beakley continued to operate under his appointment as local agent from the time of the execution of the bond until the year 1912, when it was found that he was short in his accounts to the extent of the sum of $359.04, and the plaintiffs gave notice in writing to each of said sureties of said shortage, and made demand for payment of the amount. This was done on May 13, 1912, and a few days thereafter Ponder, one of the sureties, wrote to Trezevant & Cochran, stating that he would see Beakley and get him to pay up the amount of the shortage, but that he (Ponder) wanted to be released from the bond and would not be responsible for any further acts of Beakley as such agent. Trezevant & Cochran suspended Beakley as agent and wrote a letter to Ponder stating in substance that Beakley had been suspended, and that "in the event the agency is ever reinstated we will secure a new bond with other sureties." There was no further correspondence between Trezevant & Cochran and the other surety, Hill, but the latter was in communication with Ponder and was informed as to the result of the correspondence between Ponder and Trezevant & Cochran.

Beakley paid up the shortage and was reinstated as agent and gave a new bond with other parties as sureties. Beakley subsequently became short in his accounts in the sum of $729.05, and the plaintiffs, Trezevant & Cochran, instituted this action against the sureties on both

bonds for the amount of said shortage, claiming that the original bond signed by Hill and Ponder as sureties was still in force, and that the liability of the second sureties was cumulative. On the trial of the case the circuit court decided that Ponder had been discharged and rendered a judgment in his favor, but rendered a judgment in favor of the plaintiffs, Trezevant & Cochran, against the defendant P. B. Hill for the amount of the shortage up to the amount of the penalty on the bond, to-wit: $500.00. Hill has prosecuted an appeal to this court.

There is no dispute as to the facts of the case, and it is clear from all the testimony introduced that the new bond was executed as a substitute for the old bond. The old bond contained no specification as to its duration and the sureties had the right to demand a discharge from further liability by paying up the amount of the old shortage. That course was pursued by Ponder and the proceedings which followed inured to the benefit of Hill because of the fact that Beakley was in fact suspended as agent and that terminated the suretyship. When Beakley was reinstated it began a new term of service and the new bond, according to the undisputed evidence, was given to cover the new agency. We are of the opinion, therefore, that the court erred in holding Hill liable and in not rendering a judgment in his favor.

Other grounds are urged why there is no liability on the part of Hill for the last shortage, but in view of what we have said it is unnecessary to discuss the case any further.

The judgment is reversed and the cause dismissed.