COLVIN v. GLOVER.

Opinion delivered April 26, 1920.

1. EVIDENCE—PAROL EVIDENCE OF NATURE OF LIABILITY.—In an action against joint makers of a promissory note, evidence that defendants signed as sureties for the principal and that plaintiff payee knew this fact was competent.

2. PRINCIPAL AND SURETY—EXTENSION OF TIME FOR PAYMENT.—Prior to the Negotiable Instruments Law (Acts 1913, page 260), extension of time for payment to a principal without the consent of his sureties discharged the latter from further liability if for a definite time and on valid consideration.

3. SAME—CONSIDERATION FOR EXTENSION.—Payment of interest in advance is sufficient consideration for extension of time for payment.

4. SAME—DISCHARGE OF SURETY BY EXTENSION OF TIME—BURDEN OF PROOF.—In an action against sureties, joint makers of a note, the burden of proof was on the sureties claiming a discharge to show an extension for a definite time based on sufficient consideration.

5. BILLS AND NOTES—DEMAND AND NOTICE UNNECESSARY WHEN.—Under Negotiable Instruments Law, §§ 70, 78, demand and notice were not necessary to fix liability on defendants, who were joint makers with another, though they were his sureties; their liability being primary and absolute.

6. SAME—LIABILITY AS INDORSERS.—The liability of one who signs another's note as maker after delivery is collateral as indorser and, under Negotiable Instruments Law, § 78, presentment to the principal and notice to such indorser is essntial to establish the latter's liability.

Appeal from Bradley Circuit Court; *Turner Butler,* Judge; affirmed.

*D. A. Bradham,* for appellant.

1. Appellants were mere sureties for Belongy on the note. Parol evidence was admissible to show that fact. 92 Ark. 604; 54 *Id.* 97; 8 Cyc. 262 K.

2. Appellee having accepted interest which was not due, and thus extended the time of payment the sureties were released. No place of payment having been specified in the note, each of the parties were entitled to presentment for payment when due, and the note not

having been presented for payment, the sureties were released. Acts 1913, No. 81, § 78; K. & C. Dig., § 7018.

3. Appellee having at different times granted an extension of time to the principal without the knowledge or consent of the sureties while the principal was solvent, after his insolvency appellee was estopped to pursue the sureties. 54 Ark. 100, 97; 8 Cyc. 241 B; 2 Herman on Est., etc., §§ 937-8; 25 So. 200.

*B. L. Herring,* for appellee.

Appellants and Belongy were all makers and jointly liable. 96 Ark. 272; 106 *Id.* 157-9. The proof shows that the debt has not been paid, and there has been no alteration of the contract and no extension of time for a consideration, and appellants are primarily liable. 90 Ill. 537. K. & C. Digest, § 7010, has not changed the law. There was no place of payment mentioned in the note and there was no case for a jury.

McCULLOCH, C. J. Appellee sued appellants, G. B. Colvin and P. M. Day, as joint makers with one P. M. Belongy of a negotiable promissory note to appellee for the sum of $300, bearing date of January 18, 1916 and payable nine months after date, with interest from date at ten per cent. per annum.

Belongy was not sued, and appellants defended on the ground that they signed the note as sureties for Belongy, and that they were discharged by reason of an extension of time of payment granted by appellee to Belongy. They defended also on the ground that they were discharged by the failure and neglect of appellee to make demand for payment and give notice of nonpayment.

There was a trial of the issues before a jury, but the court directed a verdict in favor of appellee. This appeal tests the question of legal sufficiency of the evidence.

Appellants signed the note on its face with Belongy, but the testimony tends to show that they joined in the execution of the note merely as sureties for Belongy, the principal, and that appellee was apprised of that fact.

The evidence to that effect was competent. *Vestal* v. *Knight,* 54 Ark. 97.

Appellee testified that about a week before the note became due Belongy came to him and stated that he wanted to pay $30 on the note and procure a little more time, and that he (appellee) told Belongy that the proposed agreement would be satisfactory to him and that he could pay the money into a certain bank where the note had been left.

Appellee was asked to state when the payment of $30 was made, and his answer was that he did not know. There is an endorsement on the note showing the payment of the $30, but it is not disclosed from the endorsement when the payment was made, nor is there any other testimony tending to establish the date of this payment. Neither Belongy nor any one connected with the bank where the payment was made testified in the case.

An extension of time of payment to the principal without the consent of the sureties operates as a discharge of the latter from further liability, but such extension must have been for a definite time and upon valid consideration. At least such was the settled law in this State prior to the enactment of the Negotiable Instruments Law, Acts 1913, p. 1060. *Thompson* v. *Robinson,* 34 Ark. 44; *Vaughan* v. *Vernon,* 82 Ark. 28; *Kissire* v. *Plunkett-Jarrell Grocer Co.,* 103 Ark. 43; *Thornton* v. *Bowie,* 123 Ark. 463.

Payment of interest in advance of maturity constitutes sufficient consideration for an extension of the time of payment. *Vestal* v. *Knight, supra.* The difficulty with the defense of appellants is that they failed to prove the essential facts constituting it. In other words, they failed to prove that there was an extension for a definite time based on sufficient consideration. The burden of proof was on them to show this. Appellee testified that there was an agreement for an extension, but he did not know when the money was paid, and there is no other testimony on that subject. Therefore, the jury could not have drawn the inference that the amount was paid be-

fore maturity. Neither was there any testimony sufficient to specify the length of the extension of time. Appellee merely testified that he agreed to give more time, and was willing to do so if the interest should be paid. There was no evidence to support a finding in favor of appellants on this issue, and the court was correct in withdrawing it from the consideration of the jury. In this view of the testimony it is unnecessary for us to determine the effect of section 119 of the Negotiable Instruments Law, *supra,* as changing the law with respect to discharge of sureties.

Appellants rely as to the other defense on section 78 of the act of February 21, 1913 (Acts 1913, page 260), known as the Negotiable Instruments Law, which reads as follows: "Where there are several persons, not partners, primarily liable on the instrument, and no place of payment is specified, presentment must be made to them all."

The contention is that appellants were in fact sureties, and, as the note did not specify the place of payment, demand and notice were essential to fix liability on them. Such is not the effect of the section above quoted, which was not intended to enlarge the requirements for demand and notice, but to specify the conditions on which they are required. The requirement under this section is that where demand and notice are essential to establish liability and there are several persons primarily liable, the presentment must be to each of them, but it does not make presentment to one who is primarily liable essential. On the contrary, another section (section 70) expressly provides that presentment is not necessary in order to charge the party primarily liable. A contract of suretyship is not a collateral one, but the liability of the surety is primary and absolute, and demand and notice are not essential to the creation of liability. *Killian* v. *Ashley,* 24 Ark. 511; *Heise* v. *Bumpass,* 40 Ark. 545.

If appellants had not signed the note after delivery their liability would only have been collateral as endorsers, and presentment to the principal and notice to them

would have been essential to establish liability; but according to the undisputed evidence they signed the note before delivery and were primarily and absolutely liable as sureties.

The judgment was correct on the undisputed evidence, and the same is affirmed.