MAGNOLIA GROCER COMPANY *v.* CLAYTON.

Opinion delivered June 3, 1929.

662

*Paul Crumpler,* for appellant.

*Henry Stevens,* for appellee.

HART, C. J., (after stating the facts). One opinion will suffice, for each deed of trust contains the same description of the land, and the court held that the description of the property was so indefinite that no lien was created by the execution of the deed of trust.

It is first contended that the description of the property as an undivided interest in the northwest quarter of the northwest quarter of section 19, and northeast quarter of northwest quarter of section 31, the south half of the southwest quarter of section 30, all in township 19, range 20 west, is too indefinite, and renders the deed of trust void on its face. We cannot agree with counsel in this contention. An undivided interest in land may be made the subject of a mortgage or deed of trust, but the mortgage by one tenant in common conveys only his rights to the property. 41 C. J., § 398, page 481. In the application of this rule in the case of *Bank of Searcy* v. *Baldock,* 153 Ark. 308, 240 S. W. 399, where one tenant in common executed a mortgage of his undivided one-half interest in real estate, the court held that the mortgage only conveyed what right she had in the property itself. In *Carter* v. *McDaniel,* 94 Ky. 564, 23 S. W. 507, the Court of Appeals of Kentucky held that a mortgage by an owner of his undivided interest in his father's land includes any and all interest which he owns therein, whether in possession, re-

version, or remainder. So here the mortgage by the Clay-tons of an undivided interest in certain lands, described by proper governmental subdivisions, embraces all the interest of the mortgagors in the land, and is sufficiently definite to create a lien on the land described in the deed of trust or mortgage. *Phillips* v. *First National Bank of Van Buren, ante,* p. 605.

It is next insisted that the description in the deed of trust of an undivided interest in 15 acres in the northeast corner of a quarter section, described according to the government surveys, and 5½ acres in a quarter section, described according to the government surveys, is too indefinite, and is void on its face. We cannot agree with counsel in this contention. In the first place, it may be noted that the rights of third parties are not involved in these cases, and that the question the chancery court had under consideration was whether or not, as between the parties to the deeds of trust, the description of the property was too indefinite to create a lien on the property. As between the parties a mortgage or deed of trust will not be held void for insufficient description of the property if, by any reasonable construction of the terms of the instrument, the description therein used can be held to embrace a tract of land in the contemplation of the parties to the instrument.

The description of the land in the deed of trust is not so vague and indefinite as to be incapable of being aided by parol evidence of identification. This court has gone to considerable length in holding a description in a mortgage sufficient when it appears practical to identify and locate the lands by aid of parol evidence. *Tyson* v. *Mayweather,* 170 Ark. 660, 281 S. W. 1; *Snyder* v. *Bridewell,* 167 Ark. 8, 267 S. W. 561; *Wells* v. *Moore,* 163 Ark. 542, 260 S. W. 411; and *Rogers* v. *Magnolia Oil & Gas Co.,* 156 Ark. 103, 245 S. W. 802. While none of these cases are precisely in point, they sustain the principle that, while the location of the property conveyed by the mortgage must be determined by the description

of it contained in the mortgage itself, still, as between the parties to the instrument, the actual intention of the parties in this respect is the controlling factor, and this may be ascertained by extrinsic evidence for the purpose of identifying the property.

Counsel for defendants relies on the case of *Freed v. Brown,* 41 Ark. 495. We do not think that case applies here, because no effort was made by proof to identify the lands mortgaged, and the mortgagee relied exclusively upon the description contained in the mortgage, which was held to be too vague and indefinite to create a lien on the land. Here the burden was upon the plaintiff to show by parol evidence what particular undivided interest in the 15-acre tract and in the 5½-acre tract was intended to be described in the deed of trust, and, having failed to do so, we would not reverse the decree if this was all there was in the case. As we have already seen, however, the decree must be reversed because the court held that the description of all the land was so indefinite that a lien could not be declared against it, and the effect of our opinion is that the chancellor erred in so holding as to the undivided interest in the northwest quarter of the northwest quarter of section 19, and the south half of the southwest quarter of section 30, and the northeast quarter of the north half of section 31. Inasmuch as the decree must be reversed on this account, permission will be given to the plaintiff, if so advised, to introduce parol evidence to locate the 15 acres in the northeast corner of the northwest quarter of the northwest quarter and the 5½ acres in the southeast quarter of the northwest quarter of section 31. It may be that the parties owned no other land in these subdivisions except the 15-acre tract and the 5½-acre tract, and that these two tracts may be located and identified by parol evidence.

This leaves for our consideration the findings of fact made by the court as to the amount of the indebtedness secured by the deeds of trust. The plaintiff in-

troduced in evidence the account books kept by the merchants and the amount of cotton shown on their books to have been delivered by the Claytons in payment of the indebtedness secured. Each one of the Claytons, however, testified that the account was not correct. Each one testified as to remnants of cotton which he or she had delivered in part payment of the indebtedness secured by the deed of trust and which had not been credited on his or her account. Upon conflicting evidence the chancellor found this issue in favor of the debtor in each case, and it cannot be said that this finding of fact is against the weight of the evidence. Hence the finding of fact made by the chancellor as to the amount of the indebtedness secured by the deed of trust in each case will be allowed to stand, and the decree in each case will be affirmed in this respect.

The result of our views is that the decree will be reversed, and the chancellor will be directed to hold good the description as to the undivided interest of each of the Claytons in the northwest quarter of the northwest quarter of section 19, the south half of the southwest quarter of section 30, and the northeast quarter of the northwest quarter of section 31, all in township 19, range 20 west, in Columbia County, Arkansas. As to the 15 acres in the northeast corner of the northwest quarter of the northwest quarter and the 5½ acres in the southeast quarter of the northwest quarter of section 31, township 19, range 20 west, the plaintiff will be allowed to introduce parol proof to locate and identify said tracts if he is so advised. It is so ordered.