BROYLES *v.* EDMONDSON.

4-4642

Opinion delivered May 3, 1937.

*Kenneth C. Coffelt* and *Wm. J. Kirby,* for appellant. *McDaniel, McCray & Crow,* for appellees.

SMITH, J. This appeal is from a decree sustaining a demurrer to appellant's complaint, and the question presented for decision is that of the sufficiency of the complaint, read in conjunction with the exhibits thereto, to allege a right to subrogation. In the decision of this question it must be remembered that under our equity practice the exhibits to the complaint control its averments and the nature of the cause of action, and may be

looked to for the purpose of testing the sufficiency of the allegations of the complaint. *Moore* v. *Exelby*, 170 Ark. 908, 281 S. W. 671.

The complaint alleged that on April 18, 1934, J. A. Broyles and appellant, who was his wife, executed a note to the Republic Mining & Mfg. Co., in the sum of $1,850, and as security therefor executed a mortgage of even date on certain personal property belonging to Broyles and on all the lands owned by him. The note was the joint and several obligation of Broyles and his wife, and they were, of course, jointly and severally liable for its payment. It was alleged that Broyles died without having paid the note, and that after his death his widow —appellant—paid the full amount of the note, both principal and interest, out of her personal funds, "and the indebtedness due said company was therefore satisfied in full by the plaintiff, and for the consideration of such satisfaction said company sold, assigned and transferred to the plaintiff said mortgage and note, and such assignment appears of record on said note and upon the margin of the mortgage record. * * *."

It was alleged that demand for payment had been made upon the administrator of Broyles' estate, and upon his only child, who had refused to pay the same; wherefore, plaintiff prayed the foreclosure of the mortgage.

The mortgage contained the recital that "The sale is on condition that, whereas J. A. Broyles is justly indebted unto the said Republic Mining & Manufacturing Company in the sum of $1,850, evidenced by promissory note, of even date herewith, for $1,850, with interest at the rate of seven per cent. per annum from date until paid, payable April 14, 1935."

We think a fair—if not the only—inference to be deduced from this recital is that the debt was due by Mr. Broyles personally, but had been evidenced by the joint note of himself and his wife, to secure the payment of which they had joined in the execution of a mortgage upon his personal property and upon all his real estate. No other property was included in the mortgage.

Appellant was not a volunteer in making this payment. She had her dower interest to protect, and her personal obligation to the payee of the note as a joint maker thereof to discharge. It is well settled that where several persons sign a joint note, it may be shown, as between the makers thereof, that some signed as sureties and others as principals. *Vestal* v. *Knight,* 54 Ark. 97, 15 S. W. 17; *Hamiter* v. *Brown,* 88 Ark. 97, 113 S. W. 1014; *Reed* v. *Rogers,* 134 Ark. 528, 204 S. W. 973; *Colvin* v. *Glover,* 143 Ark. 498, 220 S. W. 832; *Bank of Searcy* v. *Baldock,* 153 Ark. 308, 240 S. W. 399.

The allegation that upon paying the note appellant had taken an assignment to herself of both the note and the mortgage securing it precludes the construction that the note had been paid and satisfied as a subsisting obligation. The only purpose of the assignment was to preserve the debt and the lien of the mortgage securing it.

It was held, in the case of *Jefferson* v. *Edrington,* 53 Ark. 545, 14 S. W. 903, (to quote the fifth headnote) that, ''Where a mortgage is paid by one having an interest subject to the mortgage, but who is under no obligation to discharge it, as by the widow of the mortgagor, she will be subrogated to the mortgage lien, without proof of a specific intent at the time of payment to keep the mortgage alive.'' Appellant had an interest to protect, and was liable as his surety to pay the debt, and took an assignment thereof for the purpose of keeping it and the mortgage alive. Such, we think, is the fair inference of the allegations of the complaint, read in connection with the exhibits thereto, and it was error, therefore, to sustain the demurrer.

The decree will be reversed, and the cause remanded, with directions to overrule the demurrer.